CYNTHIA McCOMBS, Plaintiff, v. LYLE DEXTER, Indiv., and d/b/a Dexter's Den, et al., Defendants and Counterplaintiffs-Appellants (Victoria Patterson, Defendant and Counterdefendant-Appellee).

Third District No. 3—88—0588

Opinion filed August 4, 1989.

Ward, Murray, Pace & Johnson, of Sterling (Lisa A. Treviranus, of counsel), for appellants.

Pignatelli & Pignatelli, of Rock Falls (Patrick J. Liston, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

This litigation had its origin in an accident occurring on February 9, 1980, when Cynthia McCombs fell on some stairs on the premises of a tavern operated by Lyle and Lois Dexter and known as Dexter's Den. McCombs, who was a guest at a private wedding anniversary party in the basement area of the tavern, had gone upstairs to the restroom and was returning when she fell near the bottom of the stairs and injured one foot.

McCombs filed a complaint for personal injuries and named as defendants Lyle and Lois Dexter, the tenants of the premises, and Victoria Patterson, the owner and landlord. The complaint alleged that both the tenants and the landlord were guilty of the following negligent acts or omissions:

(1) Failed to provide adequate lighting in the area of the stairs leading to the party area in the basement; and

(2) Failed to provide adequate handrails for the staircase.

The landlord filed a motion for summary judgment which asserted that a landlord is not liable for injuries occurring on premises which are in the possession and control of tenants at the time of injury. Next, the tenants Lyle and Lois Dexter filed a counterclaim for contribution against the landlord. The landlord's motion for summary judgment was granted, and judgment was entered in favor of defendant Victoria Patterson.

Landlord Patterson next filed a motion for summary judgment on the counterclaim for contribution, and following a hearing, that motion was granted. Defendants Lyle and Lois Dexter appeal from the judgment on the counterclaim and contend (1) that their right to contribution was not extinguished by the judgment in favor of the landlord on the first summary judgment, and (2) that the doctrine of collateral estoppel was not a bar to the counterclaim. We affirm.

The determinative issue is the first one. The Dexters argue that their action for contribution was based upon different legal theories than those contained in plaintiff's complaint. The counterclaim alleged

that the landlord was guilty of one or both of the following negligent acts or omissions:

(1) Constructed, owned and maintained a building with structural defects which resulted in plaintiff's injuries; and

(2) Failed to provide the building with guardrails for the protection of tenants and foreseeable invitees "contrary to the requirements of code and law."

■ The Dexters rely upon certain exceptions to the rule that landlords are generally not liable for injuries occurring on rented property. We have held that a landlord may be liable for latent defects existing at the time the premises were leased, fraudulent concealment of a known dangerous condition, defects causing harm which amounts to a nuisance, breach of contracts to repair the premises, and a violation of a statute or ordinance. (*Gilbreath v. Greenwalt* (1980), 88 Ill. App. 3d 308, 410 N.E.2d 539.) None of these exceptions were asserted in the complaint of the underlying action brought by plaintiff.

In our view, the crucial question is whether the summary judgment on the complaint, absolving Patterson from liability to plaintiff McCombs, is a bar to the Dexters' counterclaim against Patterson for contribution. Section 2 of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1987, ch. 70, par. 301) provides in part:

"(a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them."

■ The Dexters contend that the phrase "subject to liability in tort" means that an action for contribution may be premised upon legal theories of liability not contained in the plaintiff's complaint. Certainly, there is no requirement that the bases for liability among the contributors be the same or that the basis for contribution be identical to the theory of recovery asserted in the original action. (*J.I. Case Co. v. McMartin-McAuliffe Plumbing & Heating, Inc.* (1987), 118 Ill. 2d 447, 462, 516 N.E.2d 260.) However, the language of the statute is plain that the basis for a contribution claim is the potential liability of both the person seeking contribution and the person from whom contribution is sought. In other words, unless both the Dexters and Patterson are subject to liability in tort, the Dexters have no right of contribution.

Patterson asserted a defense to the complaint which was ruled to bar plaintiff's action against her as a matter of law. That judgment

was not appealed and would be *res judicata* as to any future attempts by plaintiff to assert an action against Patterson based upon the same or different theories of liability.

We stated the doctrine of *res judicata* in *National Tea Co. v. Confection Specialties, Inc.* (1977), 48 Ill. App. 3d 650, 654, 362 N.E.2d 1150, 1153, as follows:

> "Once a court of competent jurisdiction has determined a cause of action on the merits, except for a direct attack on appeal, that judgment is a bar to any subsequent cause of action between the same parties, or their privies, which was or might have been litigated in the earlier proceeding." Accord *Woolard v. United States Steel Corp.* (1988), 166 Ill. App. 3d 833.

Of note here is the ruling in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, where plaintiff Doyle filed suit against Rhodes to recover for injuries suffered when he was struck by an automobile driven by Rhodes while at work as a highway flagman at a construction area. The defendant Rhodes sought contribution in a third-party complaint against Doyle's employer, a highway contractor. The employer argued that a workers' compensation claim is the sole remedy in Illinois for an injured employee against his employer and that the employer is not "subject to liability in tort" to its employee under the Contribution Act. The supreme court ruled that an employee could recover in tort against an employer if the employer failed to raise the defense of statutory immunity. The court stated:

> "The potential for tort liability exists *until the defense is established.* \*\*\* At the time of an injury for which an employer's negligence is partly responsible, the employer is in fact 'subject to liability in tort' to his employee, although that liability can be defeated depending on the response he chooses to make to his employee's claim in the event the employee decides to sue in tort." (Emphasis added.) 101 Ill. 2d at 10-11.

■ In the case at bar, the potential for Patterson's tort liability was extinguished and her defense was established when judgment was entered in her favor and became final. Hence, there is no longer any basis for the Dexters' contribution action.

We affirm the judgment of the circuit court of Whiteside County.

Affirmed.

WOMBACHER, P.J., and SCOTT, J., concur.