MARY F. BONFIELD, Plaintiff, v. DONALD JORDAN *et al.*, Defendants (Mary Catherine Jordan, Defendant-Third-Party Plaintiff-Appellant; The Village of Loami, Third-Party Defendant-Appellee).

Fourth District   No. 4—90—0041

Opinion filed September 6, 1990.

Edward W. Huntley, of Holley, Keith & Huntley, of Springfield, for appellant.

R. Mark Mifflin and Bridget E. Madigan Zalcman, both of Griffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellee.

JUSTICE LUND delivered the opinion of the court:

This appeal presents the question of whether a third-party claim for contribution against a municipality is barred by the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, pars. 1—101 through 9—107). An additional issue is whether the contribution claim is barred by the Recreational Use of Land and Water Areas Act (Ill. Rev. Stat. 1987, ch. 70, pars. 31 through 37).

On July 29, 1988, the plaintiff, Mary F. Bonfield (Bonfield), filed suit against defendants Donald Jordan, Mary Catherine Jordan, and the Village of Loami (Village), claiming damages for injuries which she allegedly sustained in a slip and fall accident at the Loami Village Center Hall (Hall). The accident allegedly occurred on the evening of August 2, 1986, while Bonfield was attending a private party at the Hall hosted by the Jordans.

On September 30, 1988, the circuit court dismissed the count of Bonfield's complaint directed to the Village on the ground that Bon-

field failed to comply with the notice requirements of former section 8—102 of the Tort Immunity Act. (Ill. Rev. Stat. 1985, ch. 85, par. 8—102.) Subsequently, on April 18, 1989, Donald Jordan was dismissed from this litigation on Bonfield's motion.

On May 16, 1989, Mary Catherine Jordan (Jordan) filed a third-party complaint against the Village, pursuant to "An Act in relation to contribution among joint tortfeasors" (Contribution Act) (Ill. Rev. Stat. 1987, ch. 70, pars. 301 through 305). She alleged that if Bonfield was injured in the manner stated in her complaint, the injuries were the direct and proximate result of one or more of several negligent acts or omissions on the part of the Village. Jordan requested that in the event a judgment was entered in favor of Bonfield and against her, she be awarded a judgment against the Village in an amount commensurate with its relative degree of culpability in causing Bonfield's injuries and damages.

In an order entered July 27, 1989, the circuit court allowed the Village's motion to dismiss Jordan's third-party complaint. The court stated that the Village was "immune pursuant to the Tort Immunity Act," but granted Jordan 28 days to replead. In a further order entered December 11, 1989, the circuit court denied Jordan's motion for reconsideration of the July 27 order. In its December 11 order, the circuit court indicated that its July 27 order dismissing Jordan's third-party complaint was intended to reflect that the dismissal was based on Bonfield's failure to provide the Village with timely notice of her claim as required by the Tort Immunity Act. (Ill. Rev. Stat. 1985, ch. 85, par. 8—102.) The court further amended its previous order of dismissal to reflect that the order was entered with prejudice, and that Jordan was denied leave to replead her third-party complaint. The court also found, pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), that there was no just reason for delaying enforcement or appeal of its order.

Jordan asserts the circuit court erred in dismissing her third-party complaint. She maintains the present case is quite similar to *Stephens v. McBride* (1983), 97 Ill. 2d 515, 455 N.E.2d 54, in which the supreme court held a plaintiff's failure to comply with the notice requirements of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 8—102) in a suit against a local governmental unit defendant does not bar a third-party action against that defendant on the basis of the same acts or omissions for which the plaintiff claims damages. Jordan asserts the Village's efforts to distinguish *Stephens* from the present case are unavailing, and the applicability of *Stephens* to the facts of the present case is not obviated by the policy considerations underlying the 1986

amendments (Pub. Act 84—1431, art. 1, §§2, 3, eff. Nov. 25, 1986 (1986 Ill. Laws 3740, 3741-42, 3753)) to the Tort Immunity Act. Ill. Rev. Stat. 1987, ch. 85, pars. 1—101 through 1—210.

The Village's argument is premised on the assumption that the 1986 amendments of the Tort Immunity Act are inapplicable to this case. However, the Village argues that the policy considerations underlying those amendments, which were designed to provide additional protection against tort liability to units of local government, vitiate the supreme court's holding in *Stephens* by underscoring the preeminence of tort immunities over contribution claims. The Village further argues that *Stephens* is factually distinguishable from the present case, because in *Stephens*, unlike in this case, the municipal defendant received a timely albeit defective notice of the claims against it.

We first address a suggestion by the Village that whether it is liable for contribution in this case is of relatively little consequence to Jordan. The Village states: "Jordan's rights are protected even if she is precluded from pursuing her contribution claim because she may still argue at trial that the Village is the culpable party." This statement ignores the purpose of a contribution claim. Jordan's nonliability because another's negligence was the sole proximate cause of Bonfield's injuries would be a defense to Bonfield's negligence allegations. Only if the trier of fact found that Jordan was partially, but not totally, responsible for Bonfield's injuries would Jordan's right to contribution become relevant. If the trier of fact would find the Village had also been negligent, it could then allocate to the Village a portion of the damages which Jordan otherwise would have to pay. Jordan's right to contribution from the Village therefore would be an important remedy which she would not have by merely being able to argue that the Village, and not she, is the culpable party.

Prior to November 25, 1986, section 8—102 of the Tort Immunity Act required that units of local government be given notice of intention to commence civil actions against them. This notice was to be given within one year of the date the injury was received or the cause of action accrued. (Ill. Rev. Stat. 1985, ch. 85, par. 8—102.) Section 8—103 provides for dismissal of such actions if the required notice has not been given. (Ill. Rev. Stat. 1987, ch. 85, par. 8—103.) As of November 25, 1986, section 8—102 was repealed (Pub. Act 84—1431, art. 1, §3, eff. Nov. 25, 1986 (1986 Ill. Laws 3740, 3753)), and the statute of limitations applicable to actions against units of local government was reduced from two years (Ill. Rev. Stat. 1985, ch. 85, par. 8—101) to one year (Ill. Rev. Stat. 1987, ch. 85, par. 8—101).

Both parties have based their arguments on the assumption that

the 1986 amendments of the Tort Immunity Act are inapplicable to Jordan's third-party claim. Public Act 84—1431, which contains these amendments, specifically states that article 1 applies to causes of action which accrued on or after its effective date. (Pub. Act 84—1431, art. 27, §1, eff. Nov. 25, 1986 (1986 Ill. Laws 3740, 3839).) As this court held in its recent decision in *Highland v. Bracken* (1990), 202 Ill. App. 3d 625, a contribution action accrues when the defendant-third-party plaintiff is sued or when the third-party plaintiff pays or becomes obligated to pay an amount with respect to which contribution is sought. Thus, Jordan's contribution claim accrued when Bonfield filed suit against her and the Village of Loami on July 29, 1988. Jordan filed her third-party complaint on May 16, 1989, which was within one year of this date. Since the 1986 amendments of the Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 8—101) thus do not unjustly or inequitably bar Jordan's contribution action retroactively (see *Champaign County Nursing Home v. Petry Roofing, Inc.* (1983), 117 Ill. App. 3d 76, 452 N.E.2d 847), the amended version of the Tort Immunity Act is applicable to Jordan's contribution claim for purposes of determining whether Jordan's third-party complaint was timely filed. Moreover, under the 1986 amendments no notice requirement applies to Jordan's contribution claim. Because Jordan's third-party complaint was filed within one year of the date her cause of action accrued and no notice requirement applies, her third-party action is not subject to dismissal on the grounds that it was not timely filed or was not preceded by proper notice.

The Village also asserts two bases for affirmance of the circuit court's decision which were not addressed in the circuit court's orders. First, the Village relies on section 3—106 of the Tort Immunity Act. Prior to November 25, 1986, section 3—106 provided:

> "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used as a park, playground or open area for recreational purposes unless such local entity or public employee is guilty of willful and wanton negligence proximately causing such injury." (Ill. Rev. Stat. 1985, ch. 85, par. 3—106.)

Effective November 25, 1986 (Pub. Act 84—1431, art. 1, §1, eff. Nov. 25, 1986 (1986 Ill. Laws 3740, 3745)), this statute was amended to read:

> "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be

used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." (Ill. Rev. Stat. 1987, ch. 85, par. 3—106.)

Both before and after the 1986 amendments, section 3—101 of the Tort Immunity Act provided:

"As used in this Article unless the context otherwise requires 'property of a local public entity' and 'public property' mean real or personal property owned or leased by a local public entity, but do not include easements, encroachments and other property that are located on its property but that it does not own, possess or lease." Ill. Rev. Stat. 1987, ch. 85, par. 3—101.

The Village argues that the Hall is "public property intended or permitted to be used as a park, playground or open area for recreational purposes" within the meaning of section 3—106 of the Tort Immunity Act as it read prior to the 1986 amendments (Ill. Rev. Stat. 1985, ch. 85, par. 3—106), and therefore, Bonfield may recover for injuries allegedly sustained in the Hall only if they were caused by wilful and wanton negligence. As support for this argument, the Village asserts that the 1986 amendment of section 3—106 amounted to an interpretation or clarification of the preamendment version of that section, as opposed to a change in the law stated in the preamendment version.

Jordan maintains that because of the plain and popularly understood meaning of section 3—106 as it existed prior to the 1986 amendments, as well as the rule that statutes in derogation of the common law are to be strictly construed in favor of persons sought to be subjected to their application, the preamendment version of this statute does not apply to the Hall. Also, Jordan argues that the lack of ambiguity in the preamendment version of section 3—106 renders applicable to the 1986 amendment the presumption that amendatory language is intended to change the law as it previously existed.

■ Initially we must determine whether the preamendment or amended version of section 3—106 applies to Jordan's contribution claim. A right of contribution arises when the injury on which the contribution claim is based occurs. This date is relevant in determining the existence of a substantive right of contribution. (*Highland*, 202 Ill. App. 3d 625.) Bonfield's accident on which Jordan's contribution claim is premised occurred on August 2, 1986. It follows that on the November 26, 1986, effective date of the amended version of section 3—106, Jordan had an inchoate right of contribution from parties other than herself who proximately caused Bonfield's alleged injuries.

However, because Jordan's contribution action did not accrue until after effective date of the 1986 amendment of section 3—106, the amended version is applicable to Jordan's contribution claim unless there is some reason for holding the amendment may not be retroactively applied to Jordan's right to seek contribution. (*Champaign County Nursing Home,* 117 Ill. App. 3d 76, 452 N.E.2d 847.) It is quite apparent that Jordan's contribution claim would be barred under the amended version of section 3—106, for Bonfield's claim and Jordan's third-party claim are clearly based on "the existence of a condition of *** public property intended or permitted to be used for recreational purposes," and "willful and wanton conduct proximately causing such injury" is not alleged. Ill. Rev. Stat. 1987, ch. 85, par. 3—106.

Our determination as to whether the amended version of section 3—106 may be retroactively applied so as to bar Jordan's right to seek contribution is not governed by such outmoded distinctions as whether vested or nonvested rights are involved, or whether section 3—106 affects rights or merely affects remedies. Rather, this question must be decided on the basis of whether fundamental concepts of justice, fairness, and equity militate for or against retroactive application of section 3—106 under the facts of this case. *Champaign County Nursing Home,* 117 Ill. App. 3d at 79, 452 N.E.2d at 850.

On the effective date of the 1986 amendment of section 3—106, Jordan had an inchoate right to seek contribution from the Village. If Bonfield had sued Jordan a few days before that date, Jordan's third-party complaint unquestionably would have been subject to the preamendment version of section 3—106, since her cause of action would have occurred before the effective date of the amendment. We hold that Jordan's contribution action should not be barred solely because of Bonfield's delay in filing suit and the resultant applicability of the amended version of section 3—106 to Jordan's contribution claim. As in *Highland,* making the date on which the plaintiff chooses to file suit a potentially determinative factor as to a joint tortfeasor's right to maintain a contribution action—or requiring the joint tortfeasor to file an anticipatory suit before being sued by the plaintiff—would be inherently unjust and inequitable. For this reason, we hold that Jordan's third-party complaint against the Village is governed by the preamendment version of section 3—106.

In construing the preamendment version of section 3—106, we must give its words their plain and ordinary or commonly accepted meanings, unless to do so would defeat the General Assembly's intent. (*Illinois Telephone Association v. Illinois Commerce Comm'n* (1977), 67 Ill. 2d 15, 364 N.E.2d 63.) Also applicable to interpretation of this

statute is the rule of *ejusdem generis*, which provides that when general words follow specific words in a statute, the general words must be construed to include only things of the same kind as those indicated by the specific words. *Citizens Utilities Co. v. Illinois Commerce Comm'n* (1971), 50 Ill. 2d 35, 276 N.E.2d 330.

In the preamendment version of section 3—106, the words "open area for recreational purposes" are more general than "park" and "playground." Therefore, "open area for recreational purposes," as used in this statute, refers to areas used for outdoor recreation which are similar to parks and playgrounds, such as baseball and soccer fields, camping areas, and hiking trails. Also perhaps included in the areas covered by this version of section 3—106 are buildings and structures which increase the usefulness of open outdoor recreational areas, such as bleachers and dugouts adjacent to baseball fields and restrooms located in parks and campgrounds. (See *Annen v. Village of McNabb* (1990), 192 Ill. App. 3d 711, 548 N.E.2d 1383.) The preamendment version of section 3—106 does not, however, apply to buildings such as the Hall involved in the present case, which are not appurtenant to open areas used for outdoor recreational activities.

■ As the Village points out, when a statute is ambiguous, an amendment of that statute may indicate a legislative purpose to clarify the ambiguities in the statute rather than to change the law. (*In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 492 N.E.2d 622.) However, a statutory amendment is generally indicative of an intention to change the law as it previously existed (*Weast Construction Co. v. Industrial Comm'n* (1984), 102 Ill. 2d 337, 466 N.E.2d 215), especially where the statute was unambiguous prior to its amendment. See *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 408 N.E.2d 204.

The preamendment version of section 3—106 clearly describes the areas to which it applies. Therefore, it cannot be said that the 1986 amendments of this statute were intended to clarify ambiguities. Instead, consistent with the legislative intent of expanding the protections which the Tort Immunity Act provides to units of local government, the 1986 amendment was intended to expand the scope of section 3—106 to include within its coverage buildings and other enclosed areas used for recreational purposes. This intent is underscored by the presence of the words "including but not limited to" in the amended version of section 3—106. These words demonstrate a legislative intent to expand the scope of this statute to cover virtually all public property used for recreational purposes.

■ The definition of "public property" in section 3—101 of the Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 3—101) does not

support the Village's argument that the preamendment version of section 3—106 bars Jordan's contribution claim. Section 3—101 provides that the definition of public property contained therein is inapplicable if "the context otherwise requires." Because the preamendment version of section 3—106 contains a different definition of the public property to which it applies, the section 3—101 definition of public property does not apply to section 3—106. For the foregoing reasons, we hold that at the time Bonfield allegedly was injured, section 3—106 of the Tort Immunity Act did not apply to the Loami Village Center Hall and that Jordan's contribution claim against the Village therefore is not barred by that statute.

Finally, the Village argues that the Hall is within the purview of the Recreational Use of Land and Water Areas Act (Ill. Rev. Stat. 1987, ch. 70, pars. 31 through 37). The Village states that since Jordan has not alleged that the Village wilfully or wantonly failed to warn of dangers in the Hall, this legislation also provides a basis for affirmance of the dismissal of Jordan's third-party complaint.

At the time Bonfield allegedly was injured, the Recreational Use of Land and Water Areas Act provided in pertinent part:

"Except as specifically recognized by or provided in Section 6 of this Act, an owner of land owes no duty of care to keep the premises safe for entry or use by any person for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." Ill. Rev. Stat. 1985, ch. 70, par. 33.

"Nothing in this Act limits in any way any liability which otherwise exists:

(a) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity." Ill. Rev. Stat. 1985, ch. 70, par. 36.

" 'Recreational purpose' includes, and is limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, snowmobiling, motorcycling, camping, picnicking, hiking, cave exploring, nature study, water skiing, water sports, bicycling, horseback riding, and viewing or enjoying historical, archaeological, scenic or scientific sites." (Ill. Rev. Stat. 1985, ch. 70, par. 32(c).)

Effective December 8, 1987, this legislation was amended. (Pub. Act 85—959, §2, eff. Dec. 8, 1987 (1987 Ill. Laws 4282, 4284-85).) The principal changes which these amendments made in the above-quoted sections are that (1) in section 3, the words "recreational or conservation purposes" were substituted for the words "recreational purposes" (Ill.

Rev. Stat. 1987, ch. 70, par. 33); (2) the Act is now inapplicable to "willful and wanton" failures to warn or guard against dangerous conditions (Ill. Rev. Stat. 1987, ch. 70, par. 36(a)); and (3) " '[r]ecreational or conservation purpose' " is defined to include, *inter alia,* "any activity undertaken for *** relaxation, or pleasure on land owned by another" (Ill. Rev. Stat. 1987, ch. 70, par. 32(c)).

■■ Jordan was sued by Bonfield and her right to contribution thus accrued after the effective date of the 1987 amendments of the Recreational Use of Land and Water Areas Act. Since the activities in which Bonfield was engaged when she allegedly was injured were undertaken for pleasure or relaxation on land owned by another, the 1987 amendments, if applicable to Jordan's contribution action, would at least arguably bar Jordan's claim for contribution on an ordinary negligence theory. For the reasons stated in our discussion concerning the applicability to this cause of the 1986 amendment of section 3—106 of the Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 3—106), we hold that it would be inherently unjust and inequitable to apply the 1987 amendments of the Recreational Use of Land and Water Areas Act to this case, thereby retroactively defeating Jordan's inchoate right to seek contribution from the Village on an ordinary negligence theory. We therefore hold that the Recreational Use of Land and Water Areas Act, as it existed before the 1987 amendments, applies to the case at bar.

■■ The general purpose of the Recreational Use of Land and Water Areas Act is to encourage owners of real estate which is well suited for outdoor recreational uses, such as wooded areas, wetlands, and large bodies of water, to permit members of the public to use such areas for outdoor recreation on a casual basis. (See *Logan v. Old Enterprise Farms, Ltd.* (1989), 188 Ill. App. 3d 920, 544 N.E.2d 998.) In view of the purpose and the specific language of this Act prior to the 1987 amendments, an indoor private party simply was not a "recreational purpose" within the purview of this legislation when Bonfield allegedly sustained her injuries.

For all of the above reasons, we reverse the circuit court order which dismissed Jordan's third-party complaint against the Village of Loami and remand this cause to the circuit court for further proceedings consistent with our decision.

Reversed and remanded.

KNECHT, P.J., and GREEN, J., concur.