THOMAS DELANEY, Plaintiff, v. McDONALD'S CORPORATION *et al.*, Defendants (McDonald's Corporation, Third-Party Plaintiff-Appellant; Gerhardt F. Meyne Company, Third-Party Defendant; C E C O Corporation *et al.*, Third-Party Defendants-Appellees).

First District (3rd Division)   No. 1—91—3027

Opinion filed June 30, 1993.

Bryan W. Luce, of Kiesler & Berman, of Chicago, for appellant.

Danette J. Buckley, of Tressler, Soderstrom, Maloney & Priess, of Chicago, for appellees.

JUSTICE CERDA delivered the opinion of the court:

McDonald's Corporation, defendant and third-party plaintiff, appeals from the granting of the motion for summary judgment of the C E C O Corporation (CECO), third-party defendant. Third-party plaintiff argues on appeal that the trial court erred because the Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) dismissal of the complaint of plaintiff, Thomas Delaney, against CECO did not bar the third-party complaint against CECO.

On January 17, 1989, plaintiff filed a complaint against McDonald's, CECO, and four other defendants alleging that he was injured on January 16, 1987, while working on a construction site. He also alleged the negligence of defendants in connection with the condition of the premises.

McDonald's was served on January 25, 1989. On December 7, 1990, McDonald's moved for leave to file a third-party contribution complaint against Gerhardt F. Meyne Company, CECO, and CECO Industries, Inc. The motion was granted. The third-party complaint was filed on December 10, 1990, and alleged that the third-party defendants were contractors engaged in construction at the site of third-party plaintiff's office campus. It also alleged that plaintiff's injuries, if any, were caused by the wrongful acts and/or omissions of the third-party defendants.

On February 15, 1991, CECO moved to dismiss plaintiff's complaint with prejudice under Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) on the basis that it had not been served until after the expiration of the statute of limitations. The motion was granted on May 20, 1991. CECO filed a motion for summary judgment, in which it argued that third-party plaintiff had no right of contribution against it because plaintiff's complaint had been dismissed with prejudice. Summary judgment was granted in favor of CECO on the third-party complaint. The trial court further found that there was no just reason to delay enforcement or appeal of the order.

Third-party plaintiff argues on appeal that the dismissal of plaintiff's complaint against CECO did not bar the third-party complaint for contribution because: (1) the dismissal was not due to any lack of diligence of third-party plaintiff; (2) if plaintiff had not sued CECO as a direct defendant, third-party plaintiff's contribution rights would be intact; (3) it would be unfair to deprive third-party plaintiff's contribution rights based on plaintiff's delay; (4) the dismissal of plaintiff's complaint was not an adjudication on the merits for the purpose of third-party plaintiff's contribution claim; and (5) at the time of the injury, CECO had potential liability within the meaning of the Contribution Act (Ill. Rev. Stat. 1991, ch. 70, par. 302(a)).

Third-party defendant argues that summary judgment was proper because: (1) under Supreme Court Rule 273 (134 Ill. 2d R. 273), a Supreme Court Rule 103(b) dismissal with prejudice is an absolute bar to a subsequent action brought by plaintiff involving the same cause of action; (2) third-party plaintiff did not have a right of contribution because third-party defendant was not subject to liability in tort to plaintiff as a result of the dismissal; and (3) a contribution action was not allowed against a party who was not subject in tort to liability to plaintiff because the purpose of the Contribution Act is equitable distribution of liability among parties who are subject to liability in tort to plaintiff.

Supreme Court Rule 103(b) states in relevant part:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limita-

tions, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." (134 Ill. 2d R. 103(b).)

The Contribution Act states in relevant part:

"Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them." Ill. Rev. Stat. 1991, ch. 70, par. 302(a).

The following cases are discussed by the parties. Third-party plaintiff first cites *Bonfield v. Jordan* (1990), 202 Ill. App. 3d 638, 560 N.E.2d 412, as support for its argument that it would be unfair to bar the third-party complaint based on plaintiff's failure to serve third-party defendant. The issue was whether an amended version of a tort immunity statute applied to bar a third-party contribution claim. The statute was amended after the date of plaintiff's accident but before the filing of third-party plaintiff's contribution action. Plaintiff filed her complaint against defendants, including third-party plaintiff, after the effective date of the amendment. The court stated that if plaintiff had sued third-party plaintiff a few days before the effective date of the amendment, then the preamended version would have applied to third-party plaintiff's contribution action (and the contribution action would not be barred under the preamended version). (*Bonfield,* 202 Ill. App. 3d at 644.) Therefore, it was unfair to bar third-party plaintiff's actions solely because of the delay in plaintiff's filing her complaint, which resulted in the application of the amended version of the statute. (*Bonfield,* 202 Ill. App. 3d at 644.) To make the date on which plaintiff chose to file a "potentially determinative factor as to a joint tortfeasor's right to maintain a contribution action" was unjust. (*Bonfield,* 202 Ill. App. 3d at 644.) The preamended version was held to apply to the contribution action. (*Bonfield,* 202 Ill. App. 3d at 644.) The case did not involve a Rule 103(b) dismissal.

In *Williams v. Bolsten* (1989), 184 Ill. App. 3d 832, 540 N.E.2d 966, the complaint against the principal was dismissed under Rule 103(b) because the principal was not served. The court held that the dismissal was an adjudication on the merits and barred the action against the agent, who also was a defendant. (*Williams,* 184 Ill. App. 3d at 837.) The court relied on authority that a judgment finding the employer not liable was a judgment in legal effect that the employee was not liable.

(*Williams*, 184 Ill. App. 3d at 836.) The case did not involve a contribution action.

In *McCombs v. Dexter* (1989), 186 Ill. App. 3d 484, 542 N.E.2d 1245, summary judgment was granted in favor of one defendant. Summary judgment was then granted in favor of that defendant on the other defendants' counterclaim for contribution. The court held that the contribution action was barred when *summary judgment* was entered in favor of the first defendant because the potential for liability was thereby extinguished. *McCombs*, 186 Ill. App. 3d at 487.

Third-party plaintiff relies on the analysis in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, of when a party is subject to liability in tort so as to allow a contribution action. In *Doyle*, the court held that an employer's immunity from suit by an injured employee provided by the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) did not bar a contribution action by a third party against the employer. (*Doyle*, 101 Ill. 2d at 4.) The court looked at the intent of the Contribution Act and reasoned that the potential for tort liability existed against the employer until the employer raised the defense provided by the Worker's Compensation Act. (*Doyle*, 101 Ill. 2d at 9-11.) "Liability" as used in the Contribution Act was to be determined at the time of the injury out of which the right to contribution arose and not at the time that the action for contribution was brought. *Doyle*, 101 Ill. 2d at 11.

The language of the contribution statute is clear that in order to be able to assert a claim for contribution, there must be potential liability on the part of both the person seeking contribution and the person from whom contribution is sought. In this case both McDonald's and CECO must be subject to liability in tort in order for McDonald's to have a right of contribution.

We hold that, after the Rule 103(b) dismissal, the third-party defendant was no longer subject to liability in tort within the meaning of the Contribution Act. Although the dismissal did not address the merits of plaintiff's complaint but was based on a procedural matter, the result was that the third-party defendant could not be liable in tort to the plaintiff. A Rule 103(b) dismissal with prejudice is an adjudication on the merits. *Williams v. Bolsten* (1989), 184 Ill. App. 3d 832, 837, 540 N.E.2d 966.

The judgment of the trial court is affirmed.

Affirmed.

TULLY, P.J., and RIZZI, J., concur.