CECIL ALDRIDGE *et al.*, Plaintiffs, v. A.C. AND S., INC., *et al.*, Defendants (Owens-Corning Fiberglas Corporation, Third-Party Plaintiff-Appellant; R.T. Vanderbilt Company, Inc., *et al.*, Third-Party Defendants-Appellees; Cyprus Industrial Minerals Company, Third-Party Defendant).

Fourth District   No. 4—93—0742

Argued March 22, 1994.—Opinion filed May 20, 1994.—Rehearing denied July 27, 1994.

David M. Setter, Mark Spitalnik, and David D. Schlachter (argued), all of Tilly & Graves, P.C., of Denver, Colorado, for appellant.

Edward J. Matushek III (argued) and Alan S. Zelkowitz, both of Haskell & Perrin, of Chicago, for appellee R.T. Vanderbilt Company, Inc.

Francis D. Morrissey, Daniel J. Cheely, Michael A. Pollard, and Adriane Burkland (argued), all of Baker & McKenzie, of Chicago, for appellee Southern Talc Company.

Jack T. Riley, Charles W. Planek, Thomas H. Fegan, Mindy Kallus (argued), and Kelly W. Warnick, all of Johnson & Bell, Ltd., of Chicago, for Cyprus Industrial Minerals Company.

JUSTICE GREEN delivered the opinion of the court:

On December 31, 1986, plaintiffs, employees of the Firestone Tire & Rubber plant (Firestone) in Decatur, brought an action for personal injuries against defendant third-party plaintiff Owens-Corning Fiberglas, Inc. (OCF), and a number of other manufacturers. Plaintiffs alleged in their complaint that while working at Firestone they were injured by exposure to asbestos products manufactured by OCF and sold to Firestone. On January 19, 1993, OCF filed a third-party complaint for contribution against third-party defendants R.T. Vander-

bilt Company (Vanderbilt), Cyprus Industrial Minerals Company (Cyprus), and Southern Talc Company (Southern Talc). Subsequently, all third-party defendants filed motions to dismiss. After a hearing, the circuit court entered an order on April 13, 1993, granting all third-party defendants' motions to dismiss.

On April 1, 1993, and April 19, 1993, Cyprus and Vanderbilt, respectively, filed motions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137) seeking sanctions against OCF for filing allegedly frivolous third-party complaints against them. OCF also filed a timely motion for reconsideration of the April 13, 1993, order dismissing all third-party complaints. After a hearing, the court entered an order on May 11, 1993, denying OCF's motion for a rehearing and Cyprus' motion for sanctions but allowing Vanderbilt's motion for sanctions. After a further hearing, the court entered an order on July 23, 1993, awarding Vanderbilt $19,418.14 for attorney fees and expenses incurred in defending against OCF's third-party complaint.

The July 13, 1993, order contained a finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) making the orders dismissing the third-party complaints and in regard to the sanctions appealable. OCF has appealed those orders. At the beginning of oral argument before this court, counsel for OCF announced that because of settlements it had made, it confessed that the dismissal of the third-party complaints might stand. Counsel stated that OCF was then only contesting the imposition of the sanctions and award of attorney fees and expenses in regard to Vanderbilt. Under the unusual circumstances of this case, we reverse the imposition of the sanctions and award of attorney fees and expenses. We affirm the balance of the judgment on appeal.

All third-party defendants maintained that the two-year limitation period for bringing actions for personal injuries set forth in section 13—202 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—202), beginning from the date of the filing of the underlying complaint, barred the third-party complaints which were filed some six years after the filing of the underlying complaint. This was the only basis for all of the motions to dismiss except for that of Vanderbilt. It set forth as its major reason the fact that it had earlier been a codefendant and had obtained a judgment in bar of action against all the plaintiffs.

Inherent in the confession of counsel for OCF is an agreement that the two-year statutory provision was applicable. We need not consider that aspect of the case further. As far as Vanderbilt was concerned, not only was its prior judgment against the plaintiffs the major thrust of its motion to dismiss, but the alleged unreasonable-

ness of OCF's position in that regard was the major thrust of Vanderbilt's motion for sanctions and the major reason that the court imposed the sanctions.

Plaintiffs made Vanderbilt an original codefendant but *voluntarily* dismissed Vanderbilt as a defendant on April 2, 1988. As no new action was filed by any plaintiff against Vanderbilt by April 2, 1989, which was one year from the date of the dismissal, that voluntary dismissal then became a judgment in bar of action. (Ill. Rev. Stat. 1987, ch. 110, par. 13—217.) Section 2a of the Joint Tortfeasor Contribution Act (Contribution Act) states:

> "Right of Contribution. (a) Except as provided in this Act, where 2 or more persons are *subject to liability in tort* arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them." (Emphasis added.) 740 ILCS 100/2(a) (West 1992).

Vanderbilt maintains that the foregoing judgment prevented it from being "subject to liability in tort arising out of the injuries to plaintiff and thus not subject to pay contributions."

The record showed that prior to OCF's filing of a third-party complaint against Vanderbilt, that third-party defendant had sent a telephone message to OCF officials warning that OCF had no cause of action against Vanderbilt. The major thrust of this statement was that a Vanderbilt judgment against plaintiffs was a bar to contribution claims but the statement also mentioned the statute of limitations defense and a contention that OCF had no reasonable basis to believe that Vanderbilt's products contained asbestos. Notably, as far as the third-party complaint against Cyprus was concerned, where the two-year statutory provision was the only grounds for dismissal, the circuit court refused to impose a sanction.

While OCF had not been warned by other third-party defendants and defied the warning, the circuit court's judgment order, when considered in the light of the emphasis that had otherwise been put on Vanderbilt's judgment on the complaint, makes clear that unjustified refusal by OCF to recognize the validity of Vanderbilt's theory was the basis for the sanctions. That order of July 23, 1993, made factual findings as follows:

> "THE COURT FINDS that Owens-Corning Fiberglas Corporation had knowledge of plaintiffs' voluntary dismissal of R.T. Vanderbilt Company, Inc., and of plaintiffs' failure to file new actions against R.T. Vanderbilt Company, Inc. within one year of that dismissal, and of the fact that the dismissal became final on April 2, 1988. *Johnson v. United National Industries, Inc.*, 126

Ill. App. 3d 181 (1st Dist. 1984). R.T. Vanderbilt Company, Inc.[,] has no liability in tort to the plaintiffs because of plaintiffs' action in open court which constitutes a determination on the merits. Owens-Corning Fiberglas Corporation proceeded with its third[-]party complaint against R.T. Vanderbilt Company, Inc.[,] in the face of knowledge that contribution actions cannot be maintained against a party who is not subject to liability in tort. *Thompson v. Walters*, 207 Ill. App. 3d 531 (4th Dist. 1991); see also, *McCombs v. Dexter*, 186 Ill. App. 3d 484 (3rd Dist. 1989).

THE COURT FURTHER FINDS that Owens-Corning Fiberglas Corporation knew or reasonably should have known of the nature of the action upon which its contribution claim is based within two years of R.T. Vanderbilt Company, Inc.[,] and Owens-Corning Fiberglas Corporation both being named in the plaintiffs' original complaint on December 31, 1986. Owens-Corning Fiberglas Corporation had reasonable notice of the nature of the action as well as the opportunity to conduct discovery regarding the matter, yet did not."

In arguing in support of the sanction, Vanderbilt relies mostly upon the cases cited by the circuit court. In *Thompson v. Walters* (1991), 207 Ill. App. 3d 531, 565 N.E.2d 1385, this court reversed a trial court's denial of a third-party defendant's motion to dismiss a claim for contribution. That motion argued that a statute of repose, which barred the underlying complaint, also barred the third-party action. There, unlike here, the third-party defendant was *never* subject to liability in tort on the underlying complaint because the statute of repose had expired before the underlying plaintiff was injured.

Similar to the situation in *Thompson*, the third-party defendant in *McCombs v. Dexter* (1989), 186 Ill. App. 3d 484, 542 N.E.2d 1245, was never subject to liability to the plaintiff in the underlying case. He was the owner of the property where the injury giving rise to the suit occurred but, at all pertinent times, the property was in the possession of a tenant. Under those circumstances, the owner had no duty during that time to the party injured and, thus, was not liable to make contribution for those injuries.

Vanderbilt also relies upon *Delaney v. McDonald's Corp.* (1993), 249 Ill. App. 3d 239, 618 N.E.2d 1057, which concerns facts very similar to those here. There, the appellate court affirmed a circuit court order granting a third-party defendant a summary judgment on a third-party complaint seeking contribution. That third-party defendant had, as here, been an original codefendant but the complaint had been dismissed against him in bar of action for the failure of the plaintiff to obtain timely service upon him. The supreme court granted leave to appeal.

Shortly after oral argument here, the supreme court rendered a short opinion reversing and remanding for further proceedings. (*Delaney v. McDonald's Corp.* (1994), 158 Ill. 2d 465.) That court stated that under *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, the liability of an alleged joint tortfeasor "at the time of the injury" controls whether that person is subject to liability for contribution. (*Delaney*, 158 Ill. 2d at 468.) In *Doyle*, the court set down the rule that immunity of an employer from tort suit by an employee arising under sections 5(a) and 11 of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, pars. 138.5(a), 138.11) does not prevent a third-party action for contribution against such an employer brought by one being sued in tort by such an employee. The rationale was that the employer could be liable in tort to the employee until the employer filed the affirmative defense created by sections 5(a) and 11 of the Workers' Compensation Act.

Supreme Court Rule 137, in pertinent part, states:

> "Every pleading, motion and other \*\*\* shall be signed by at least one attorney of record in his individual name \*\*\*. \*\*\* The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law \*\*\*. \*\*\* If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee. \*\*\*
>
> \* \* \*
>
> Where a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." 134 Ill. 2d R. 137.

We recognize the deference due the court in imposing a sanction. (*In re Marriage of Sykes* (1992), 231 Ill. App. 3d 940, 946, 596 N.E.2d 1226, 1231.) However, we are convinced that the sanction was based on OCF's contention that Vanderbilt was subject to contribution liability after it obtained judgment in bar of plaintiffs' action. With the benefit of the hindsight of the supreme court decision in *Delaney*, we note that the cases relied upon by the court in determining that OCF's position was frivolous did involve situations with a substantial

difference. In any event, we conclude that, under the circumstances here, a sanction imposed largely for reliance on a frivolous theory cannot stand when that theory is later upheld by the State's highest court.

Taken with the case is a motion by Vanderbilt for imposition of a sanction on OCF for taking this appeal. We are concerned with the breadth of the appeal (which includes matters confessed at time of argument) but, considering that a partial reversal was obtained, we choose not to impose a sanction.

Accordingly, we affirm all portions of the order on appeal except that which imposes a sanction upon OCF and orders it to make reimbursement to Vanderbilt. That portion of the order is reversed. The motion for sanctions concerning the appeal is denied.

Affirmed in part; reversed in part.

KNECHT and LUND, JJ., concur.