MICHAEL HIGHLAND, Plaintiff, v. MARY BRACKEN, Defendant and Third-Party Plaintiff-Appellee (Steven D. Williams *et al.*, Third-Party Defendants-Appellants).

Fourth District   No. 4—90—0047

Opinion filed September 6, 1990.

Richard F. Record, Jr., and Mark R. Karpus, both of Craig & Craig, of Mattoon, for appellants.

Janett S. Winter-Black, of Dilsaver, Nelson & Winter-Black, of Mattoon, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Third-party defendants, Steven Williams and the City of Mattoon (hereinafter referred to as third-party defendants), appeal a trial court's order denying a motion for summary judgment regarding a third-party contribution action. Third-party defendants contend the

contribution action was barred by the one-year statute of limitations contained in section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 8—101).

On May 20, 1987, defendant, Mary Bracken, travelled on a green light west through an intersection, colliding with a fire truck going north. The plaintiff, Michael Highland, was a passenger on the fire truck at the time of the collision. Highland then brought suit against Bracken. The original complaint was filed on April 19, 1989. Bracken's answer of June 15, 1989, included a third-party complaint against third-party defendants, seeking contribution pursuant to section 13—204 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 13—204) and the Contribution Among Joint Tortfeasors Act (Contribution Act) (Ill. Rev. Stat. 1987, ch. 70, pars. 301 through 305). Count I of the third-party complaint alleged ordinary negligence, and count II alleged wilful and wanton negligence. On January 4, 1990, the court granted third-party defendants' motion for summary judgment in regard to count I of Bracken's complaint, but denied summary judgment for count II. The court allowed this interlocutory appeal under Supreme Court Rule 308 (107 Ill. 2d R. 308).

Third-party defendants contend that since the contribution action was filed more than one year after the injury occurred, the statute of limitations of the Immunity Act supersedes that of the Contribution Act and bars Bracken's cause of action for contribution. Third-party defendants further contend the cause of action for contribution accrues on the date the injury was received. Bracken argues the two-year statute of limitations included in the Contribution Act applies, and that the contribution cause of action does not accrue until payment is made or obligation for payment is incurred.

Relevant statutes include, first, the Immunity Act:

> "No civil action may be commenced in any court against a local entity *or any of its employees* for any injury unless it is commenced within *one year* from the date that the injury was received or the cause of action accrued. *For purposes of this Article, the term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 85, par. 8—101.)

The emphasis added denotes additional language amending that section (Ill. Rev. Stat. 1985, ch. 85, par. 8—101), and the reduction of the time limit for commencing such action from two years to one. (Pub. Act 84—1431, eff. Nov. 25, 1986 (1986 Ill. Laws 3740).) Second, the

Code:

"No action for contribution among joint tortfeasors shall be commenced with respect to any payment made in excess of a party's pro rata share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability." (Ill. Rev. Stat. 1987, ch. 110, par. 13—204.)

Third, the Contribution Act:

"A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." Ill. Rev. Stat. 1987, ch. 70, par. 305.

■■ ■ The main issue in this case is whether the cause of action for contribution "accrues," for purposes of triggering the statute of limitations, at the time of injury, or whether it remains inchoate until the occurrence of certain other events. Black's Law Dictionary defines "accrue" as to vest or to mature. (Black's Law Dictionary 19 (5th ed. 1979).) "[A] cause of action accrues when facts exist which authorize one party to maintain an action against another." (*Meeker v. Summers* (1979), 70 Ill. App. 3d 528, 529, 388 N.E.2d 920, 921.) Furthermore, "the statute of limitations begins to run from, and not until, the time that the cause of action *** accrues." (*Schreiber v. Hackett* (1988), 173 Ill. App. 3d 129, 131, 527 N.E.2d 412, 413.) Accordingly, the accrual of a specific cause of action signals the beginning of the running of the statute of limitations, and the time of accrual varies for different causes of action depending on when the facts exist which allow and authorize that particular cause of action. While it is well settled that a cause of action for personal injury resulting from a tort accrues on the date of injury (*Aetna Life & Casualty Co. v. Sal E. Lobianco & Son Co.* (1976), 43 Ill. App. 3d 765, 768, 357 N.E.2d 621, 623), this is not necessarily so for a contribution action, which is itself a separate cause of action as indicated by section 5 of the Contribution Act.

A contribution action lies, for example, when (1) a payment is incurred or made in whole or in part on a common obligation, or something is done in the equivalent, so that this payment made by the joint obligor is in excess of his share of the common obligation (*Harris v. Buder* (1945), 326 Ill. App. 471, 475-76, 62 N.E.2d 131, 133); or (2) the party bringing the contribution action is sued by a complaining party, giving him notice of the nature and the potential amount of the obligation necessitating the contribution action (*Withall v. Capitol Federal Savings* (1987), 155 Ill. App. 3d 537, 541, 508 N.E.2d 363, 366).

Third-party defendants contend the date of accrual of a contribution action must be the date of injury, thereby barring third-party plaintiff's cause of action. We disagree. In *White v. Touche Ross & Co.* (1987), 163 Ill. App. 3d 94, 516 N.E.2d 509, the court held the relevant date to determine whether to apply the Contribution Act was the date of injury, rather than the date the cause of action accrued. (*White*, 163 Ill. App. 3d at 101, 516 N.E.2d at 513-14.) In *Stephens v. McBride* (1983), 97 Ill. 2d 515, 455 N.E.2d 54, the supreme court stated a cause of action for contribution may accrue "years after the accident has occurred." (*Stephens*, 97 Ill. 2d at 522, 455 N.E.2d at 58.) The supreme court has also held contribution actions must be brought during the pending action or it is barred (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196, 473 N.E.2d 939, 941-42), and that "the right of contribution exists, although in inchoate form, from the time the person seeking recovery is injured." *Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 321, 472 N.E.2d 791, 793.

■ Accordingly, contrary to the contentions of the third-party defendants, *White* and *McBride* suggest the date of injury and the date the cause of action for contribution accrues are not necessarily the same. Therefore, we find that while this right of contribution exists from the time of injury, it exists in inchoate form, and does not ripen, mature, vest, or accrue, until either payment is made, obligated, incurred, or an action is brought against the defendant. This analysis is consistent with *Laue*, and as such, the third-party defendants' contention in this regard is without merit.

This analysis is also consistent with section 2(a) of the Contribution Act, which states "where 2 or more persons are subject to liability in tort *** there is a right of contribution among them, even though judgment has not been entered against any or all of them." (Ill. Rev. Stat. 1987, ch. 70, par. 302(a).) The date on which this inchoate contribution right of action arises is relevant when the determination of the extent of injury is at issue, since " 'liability' is determined at the time of the injury out of which the right to contribution arises, and not at the time the action for contribution is brought." (*Stephens*, 97 Ill. 2d at 520, 455 N.E.2d at 57.) This date is also relevant when the injury occurred prior to the enactment of the Contribution Act, in which case the Contribution Act will not apply. (*White*, 163 Ill. App. 3d at 101, 516 N.E.2d at 514.) Conversely, the date the cause of action accrues is relevant in determining the time from which the relevant statute of limitations shall run. "[T]he statute of limitations appropriately runs from the time when the cause of action [for contribution] ripens but the naked right of contribution arises at an earlier

time." *Verson Allsteel Press Co. v. Major Spring & Manufacturing Co.* (1982), 105 Ill. App. 3d 419, 423, 434 N.E.2d 456, 459.

■ Therefore, this is the critical distinction between the right to and the accrual of a contribution action which allows this third-party plaintiff to bring her action within the guidelines of the Contribution Act, the Immunity Act and the *Laue* decision. In this case, the right of contribution arose, but in inchoate form, at the time of the injury. The cause of action did not accrue for purposes of the statute of limitations until the date the action was filed against the third-party plaintiff. The cause of action for contribution was then no longer inchoate, and accrued or ripened on this date for purposes of the statute of limitations. The Immunity Act imposes a one-year statute of limitations from the date the cause of action accrued, which includes "any action" based on common law, statute or the Constitution of Illinois. (Ill. Rev. Stat. 1987, ch. 85, par. 8—101.) The term "any action" has been held to include a contribution action. (*Heneghan v. Sekula* (1989), 181 Ill. App. 3d 238, 241-42, 536 N.E.2d 963, 965-66.) Since an action for contribution is subject to applicable statutes of limitations (*Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 518, 511 N.E.2d 706, 708), and this contribution action was filed within the pending litigation and within a year of the filing of the original complaint, this action was timely under *Laue* and the Immunity Act.

■ The recent Illinois Supreme Court decision in *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 460, stated *Laue* only established the procedural requirement that contribution actions must be filed during the pendency of the underlying direct action, and that *Laue* did not hold that every action filed during such litigation was necessarily timely filed. In *Hayes*, this meant even if an action was filed during the litigation, this did not save it from being barred by the statute of repose involved there, so *Laue* was not dispositive. (*Hayes*, 136 Ill. 2d at 460.) Likewise here, *Laue* does not support third-party defendants' argument that a contribution action accrues at the time of injury simply because such an action must be filed during the pending lawsuit. We therefore find *Laue* is not dispositive of the issue of when a contribution action accrues.

■ Third-party defendants argue the legislature, through Public Act 84—1431, effective November 25, 1986 (1986 Ill. Laws 3740), nullified the *Stephens* decision, making it irrelevant to this decision. We disagree. The legislature is presumed to enact an amendment with the knowledge of previous case law. (*Rinkenberger v. Cook* (1989), 191 Ill. App. 3d 508, 512, 548 N.E.2d 133, 135.) Had the legislature intended

to nullify or contradict *Stephens*, it would likely have stated so. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211.) This public act incorporated the changes in section 8—101 of the Immunity Act indicated previously, and also repealed the notice provisions of section 8—102 of the Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 8—102) which were the subject of *Stephens*. Yet, the plaintiff cites no discussion in the 1986 Senate or House debates on this act wherein the legislators specifically stated a desire to nullify *Stephens*, nor has our research disclosed any. The *Stephens* decision involved the overall policy of the Immunity Act, not specifically the two-year statute of limitations of section 8—101 and, accordingly, the reduction of this limitation is no indication of the intent to nullify the decision.

We also find it significant that this amendment to section 8—101 of the Immunity Act not only added language which states the term "civil action" includes "any action," but retained the mandate that the cause of action must be commenced within the appropriate statute of limitations "from the date that the injury was received *or* the cause of action accrued." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 85, par. 8—101.) This indicates the legislature intended to keep the two phrases separate, and intended the Immunity Act's statute of limitations to run from either the date the injury occurred or the cause of action accrued. Since the amendment to the Immunity Act allows this statute of limitations to apply to any action based on statute, such as the Contribution Act, this remains consistent with the *Stephens* court's observation that a contribution action may accrue many years after the accident has occurred. Furthermore, the *Stephens* decision was available to the legislature, and it made no changes which require a contrary result here. Therefore, despite changes in the statute, third-party defendants' contention that the legislature intended to nullify *Stephens* is without merit, and we hold the 1986 amendment did not do so.

The third-party defendants have cited a number of cases to support their arguments concerning these issues. These cases are, however, distinguishable, falling in one of several categories; *e.g.*, (1) the contribution action is brought after the statute of repose, (2) the suit does not properly allege wilful and wanton negligence, or (3) the original injury occurred prior to March 1, 1978, making the Contribution Act inapplicable.

In *Hayes*, cited in third-party plaintiff's motion for leave to submit additional authority, the supreme court held (1) the medical malpractice statute's four-year limitation, section 13—212 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—212), was a statute of repose; (2)

the contribution action was brought after this time period had run; (3) the statute of repose terminated the possibility of liability; and therefore (4) the contribution action itself was barred. (*Hayes*, 132 Ill. 2d at 461.) *Hayes* does not address whether the Contribution Act is more or less specific than other statutes, whether one statute of limitations should prevail over another, or whether a statute of limitations is distinguishable from a statute of repose. Accordingly, *Hayes*, as well as several cases cited by third-party defendants, is distinguishable in that it involves a statute of repose rather than a statute of limitations.

■■ ■ Third-party defendants argue that the fact contribution actions were brought in these cases after the statute of repose is not a relevant factor and is "beside the point." We disagree. A statute of repose is essentially different from a statute of limitations, in that a limitations statute is procedural, giving a time limit for bringing a cause of action, with the time beginning when the action has ripened or accrued; while a repose statute is a substantive statute, extinguishing any right of bringing the cause of action, regardless of whether it has accrued. (*Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 726, 425 N.E.2d 522, 525.) Therefore, in the case of a contribution action, the cause of action may accrue many years after the injury has occurred, thereby setting the time running on the applicable statute of limitations, unless a statute of repose has run. In those cases, the right to bring such an action has been totally extinguished, regardless of whether the cause of action has accrued—in which case any discussion of the point in time when the cause of action accrued becomes irrelevant. Therefore, we do not find these repose cases helpful or determinative of this case.

Third-party defendants argue *Stephens* should be applied narrowly, that it dealt only with a now defunct notice provision, making the rest of the opinion mere *dicta*. We disagree. The *Stephens* court arrived at its holding on this notice provision through its analysis of the statute's policies as a whole. As such, for this and other reasons stated previously, we find the *Stephens* analysis persuasive, and conclude its reasoning should not be narrowly limited.

Accordingly, we hold the right of a contribution action, while arising at the date of injury, is then an inchoate right, accruing or ripening at the time the action is brought against defendant, or at the time of payment or obligation therefor. To accept third-party defendants' argument would mean the defendant would have to sue within one year while the original plaintiff could wait to file within the two-year statute of limitations applicable to torts. The defendant would be forced to file innumerable anticipatory causes of action against poten-

tial joint tortfeasors, which causes of action are unnecessary unless the original plaintiff sues. Such a result would be unfair to the defendant and would place an unreasonable and unjustifiable burden on the court system. Accordingly, public policy, as well as reasons previously stated, dictates the third-party defendants' argument must fail.

■ In summary, the Immunity Act limitation is complied with as the third-party complaint was filed within one year "from the date the cause of action accrued," April 19, 1989. The Contribution Act was complied with as the same third-party complaint was filed within two years (*Stephens*, 97 Ill. 2d 515, 455 N.E.2d 54) and within the restrictions of *Laue*.

In view of our decision regarding the time of accrual of a contribution action, and since the defendant third-party plaintiff filed her contribution action within one year of the suit brought by the original plaintiff, we need not decide whether the Immunity Act supersedes the Contribution Act.

For the foregoing reasons, the circuit court is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.