ANDREW E. THOMPSON, Plaintiff, v. JOSEPH WALTERS *et al.*, Defendants and Respondents and Third-Party Plaintiffs-Appellees (Sears, Roebuck and Company, Petitioner and Third-Party Defendant-Appellant).

Fourth District   No. 4—90—0486

Opinion filed January 17, 1991.

Williams & Montgomery, Ltd., of Chicago (James K. Horstman, Barry L. Kroll, Daniel K. Cray, and Lloyd E. Williams, Jr., of counsel), for appellant.

Edward T. Graham, Jr., of Hershey, Beavers, Periard & Graham, of Taylorville, for appellees.

JUSTICE SPITZ delivered the opinion of the court:

This appeal involves the question of whether the statute of repose contained in section 13—213 of the Code of Civil Procedure (Code) concerning products liability actions applies to actions for contribution. (Ill. Rev. Stat. 1987, ch. 110, par. 13—213.) We find that it does and reverse.

On June 30, 1987, plaintiff brought suit against defendants for injuries sustained in defendants' swimming pool. Plaintiff alleged that he was injured on July 8, 1985, due to the defective condition of the pool. Defendants purchased the pool from Sears and had it installed on their premises prior to 1964. Sears had not performed any material alteration or modification on the pool since the time the pool was installed. Defendants, as third-party plaintiffs, brought their contribu-

tion claim against Sears, based upon the doctrine of strict liability in tort, on December 26, 1989.

On May 29, 1990, Sears, as third-party defendant, filed a motion to dismiss based on the statute of repose contained in section 13—213 of the Code. The trial court denied Sears' motion to dismiss, and Sears filed a motion for a finding pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308). The trial court found pursuant to Rule 308 that an appeal from the order might materially advance the ultimate termination of the litigation, and we allowed the application for leave to appeal.

On appeal, Sears argues that the trial court erred in denying its May 29, 1990, motion to dismiss because the statute of repose governing product liability actions applies to a contribution action based upon the doctrine of strict liability in tort. Defendants disagree, and argue that their claim for contribution is not barred by the strict product liability statute of repose.

■ Initially, we note that defendants have attempted to rephrase the issue on appeal:

"The question pressed on this appeal is then: Which statute controls the disposition of Walters' contribution action? Does the plaintiff's bar, expressed in the product liability statute of repose, extend to bar contribution actions also; or, does the limitation period expressed in the contribution act control the time during which such an action can be brought, even though the right to such action does not accrue prior to the expiration of the product liability statute of repose?"

The question certified to this court, however, is:

"Where a tort plaintiff is barred from bringing a direct product liability action against a product supplier because of the statute of repose for product liability actions (Ill. Rev. Stat., Ch. 110, par. 13—213 (1982)), may a defendant nevertheless maintain a contribution product liability action against the supplier?"

Defendants' attempt to rephrase the issue certified for appeal pursuant to Supreme Court Rule 308 is procedurally improper. Review by the appellate court pursuant to Supreme Court Rule 308 is limited to those questions certified by the trial court. (*Getto v. City of Chicago* (1981), 92 Ill. App. 3d 1045, 416 N.E.2d 1110.) We will restrict our review to the question certified by the trial court. We note, however, that defendants' rephrasing of the issue is fallacious, since it falsely assumes that the alternative propositions are mutually exclusive. They are not. The statute of repose and the statute of limitations are not alternatives; they are independent and cumulative requirements.

Section 13—213, "Product liability," states in pertinent part:

"(a) ***

* * *

(3) 'product liability action' means any action based on the doctrine of strict liability in tort brought against the seller of a product on account of personal injury ***.

* * *

(b) Subject to *** subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

* * *

(f) Nothing in this Section shall be construed to create a cause of action or to affect the right of any person to seek and obtain indemnity or contribution." Ill. Rev. Stat. 1987, ch. 110, pars. 13—213(a)(3), (b), (f).

■ ■ Statutes should be construed to give effect to the true intent and meaning of the legislature. (*Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 557 N.E.2d 873.) A court's interpretation should not render any word, clause or sentence superfluous or meaningless. (*Peacock v. Judges Retirement System* (1957), 10 Ill. 2d 498, 501, 140 N.E.2d 684, 686.) Unambiguous terms, when not specifically defined, should be given their plain and ordinary meaning. (*Hayes*, 136 Ill. 2d at 455, 557 N.E.2d at 875.) Where the language and meaning of the statute is clear, a court is prohibited from restricting or enlarging upon that meaning. (*Heneghan v. Sekula* (1989), 181 Ill. App. 3d 238, 242, 536 N.E.2d 963, 966.) The statute of repose contained in section 13—213 applies to "*any action* based on the doctrine of strict liability in tort." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(a)(3).) The language of section 13—213 is clear and unambiguous. The ordinary and popular meaning of the word "action" includes "all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court." (Black's Law Dictionary 26 (5th ed.

1979).) A third-party action for contribution clearly falls within this ordinary and popular meaning.

Defendants argue, however, that the statute of repose contained in section 13—213 of the Code does not include actions for contribution because the term "product liability action" is specifically defined in section 13—213(a)(3) to include only actions against a seller *for* personal injuries and property damage. (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(a)(3).) Defendants assert that an action for contribution among joint tortfeasors is not an action to recover *for* injury to the person or property and that the purpose of contribution is only to apportion liability for tortious conduct among those responsible for an injury to another. *Antunes v. Sookhakitch* (1989), 181 Ill. App. 3d 621, 627, 537 N.E.2d 333, 337; see also *Hayes*, 136 Ill. 2d at 476-77, 557 N.E.2d at 885 (Calvo, J., dissenting, joined by Ward and Clark, JJ.).

■ Defendants' argument is based on a misstatement of the statute. Section 13—213(a)(3) of the Code defines product liability action as including only actions against a seller *"on account of* personal injury." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 13—213(a)(3).) Thus, section 13—213's statute of repose bars any untimely action based on the doctrine of strict liability brought *"on account of* personal injury," such as defendants' action in the present case.

Moreover, the supreme court in *Hayes* rejected the argument that an action for contribution is not an action for damages under the medical malpractice statute of repose. (Ill. Rev. Stat. 1987, ch. 110, par. 13—212.) There the court stated:

> "The action for contribution apportions the damages among the parties responsible for the original plaintiff's injury, and the contributor is obligated for the damages directly created by the contributor's negligent actions. The third-party plaintiff, therefore, is seeking from the third-party defendant those damages proximately caused by the negligent acts of the third-party defendant which the third-party plaintiff may be obligated to pay in the underlying suit. This leads us to conclude that an action for contribution is an 'action for damages' under the medical malpractice statute of repose." (*Hayes*, 136 Ill. 2d at 457, 557 N.E.2d at 876.)

We find the same reasoning applicable here.

Defendants also argue that section 13—213's statute of repose does not include actions for contribution because sections 13—213(f) and 2—621(d) (products liability actions) of the Code both mandate that nothing contained in their respective sections "shall be construed *** to affect the right of any person to seek and obtain indemnity or

contribution." (Ill. Rev. Stat. 1987, ch. 110, par. 2—621(d).) Defendants believe this language specifically recognizes the right of a contribution claimant to pursue his action even though his right to recovery did not accrue during the repose period.

We disagree. A statute of repose is a substantive statute and extinguishes any right of bringing the cause of action regardless of whether it has accrued. (*Highland v. Bracken* (1990), 202 Ill. App. 3d 625, 560 N.E.2d 406.) The language cited by defendants does not change this. First, section 2—621 of the Code has no application to the present case. Further, section 13—213(f) does not provide that the statute of repose does not apply to an action for contribution. Instead, it states that the section shall not "affect the right of any person to seek and obtain indemnity or contribution." While this language is ambiguous and open to interpretation, we disagree with defendants' interpretation.

Defendants' interpretation of section 13—213(f) is incorrect because it directly contradicts the statute of repose contained in section 13—213(b) and the definition of product liability action in section 13—213(a)(3), which provides that the statute of repose applies to "any action" based upon the doctrine of strict liability. Sections *in pari materia* should be considered with reference to one another so that both sections may be given harmonious effect. *Galvin v. Galvin* (1978), 72 Ill. 2d 113, 378 N.E.2d 510.

Defendants' interpretation of section 13—213(f) is also incorrect because defendants actually have no cause of action against Sears for contribution. Thus, section 13—213 of the Code is inapplicable here. A contribution action cannot be maintained against a party who is not subject to liability in tort. (Ill. Rev. Stat. 1987, ch. 70, par. 302(a); *Jodelis v. Harris* (1987), 118 Ill. 2d 482, 517 N.E.2d 1055.) Sears is not liable to plaintiff under a strict liability theory because the statute of repose contained in section 13—213 extinguished the right of the plaintiff to bring such a suit against Sears. (*Highland*, 202 Ill. App. 3d 625, 560 N.E.2d 406.) Because of this, defendants have no claim against Sears for contribution under a strict liability theory. To allow such an action would allow a plaintiff to accomplish indirectly what he is unable to do directly. See *Harris*, 118 Ill. 2d 482, 517 N.E.2d 1055 (where the Illinois Supreme Court disallowed a complaint for contribution based upon the Dramshop Act (Ill. Rev. Stat. 1979, ch. 43, par. 135) because liability under the Dramshop Act is not based on tort).

Moreover, defendant's interpretation of section 13—213(f) defeats the primary purpose of the legislation. The judicial role in construing

a statute is to ascertain and give effect to the legislative intent. (*City of Decatur v. AFSCME, Local 268* (1988), 122 Ill. 2d 353, 364, 522 N.E.2d 1219, 1223.) In construing statutory provisions, the court should consider not only the language of the statute but also the purposes to be attained by the law. (*Canteen Corp. v. Department of Revenue* (1988), 123 Ill. 2d 95, 104, 525 N.E.2d 73, 77.) The legislative debates from both the Illinois House and Senate show that section 13—213 was proposed to deal with the perceived crisis involving rapidly increasing premiums for product liability insurance. The legislature believed that a statute of repose would have a favorable effect on insurance premiums. (80th Ill. Gen. Assem., House Proceedings, May 25, 1978, at 118-31 (debates on House Bill 1333); 80th Ill. Gen. Assem., Senate Proceedings, June 24, 1978, at 49-58 (debates on House Bill 1333); 80th Ill. Gen. Assem., Senate Proceedings, May 26, 1978, at 174-76 (debates on Senate Bill 1847).) Defendants' interpretation would defeat the purpose of the legislation because a suit for contribution exposes insurance companies to the same liability as a direct action.

Illinois decisions discussing other statutes of repose support our view that the statute of repose contained in section 13—213 of the Code applies to actions for contribution. In *Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 511 N.E.2d 706, the appellate court considered whether the statute of repose contained in section 13—214 of the Code (Ill. Rev. Stat. 1981, ch. 110, par. 13—214), concerning certain construction-related activity, applied to actions for contribution. The *Hartford* court first noted that while section 13—204 of the Code (contribution among tortfeasors) expressly bars contribution actions brought more than two years after payment by a joint tortfeasor, it does not provide that all contribution actions brought within two years are timely. (Ill. Rev. Stat. 1981, ch. 110, par. 13—204.) The court then held that the language of section 13—214, as well as its legislative history, indicated that the statute of repose included actions for contribution. The court found the language in section 13—214(b), "No *action* based upon tort, contract *or otherwise* may be brought against any person for an act or omission *** after 12 years have elapsed" (emphasis added) (Ill. Rev. Stat. 1981, ch. 110, par. 13—214(b)), to include actions for contribution. The *Hartford* court concluded that to exclude contribution actions from the purview of the statute of repose would thwart the fundamental purposes of the legislation, the protection of those in the construction business from unlimited liability.

Another statute of repose, section 13—212 of the Code (physician

or hospital), was found to bar untimely contribution actions just as it did plaintiff's untimely actions for medical negligence or malpractice. (*Hayes v. Mercy Hospital & Medical Center* (1989), 180 Ill. App. 3d 441, 535 N.E.2d 1137, *aff'd* (1990), 136 Ill. 2d 450, 557 N.E.2d 873.) In *Hayes*, the appellate court explained that the statute of repose:

> "[C]uts off the long tail of liability that the discovery rule had previously allowed and enables malpractice insurers to predict future liabilities and alleviate their need to maintain loss reserves past the four-year period. [Citation.]
>
> *** [I]t would be paradoxical to accept *** that the repose period in the building-construction statute bars contribution *** but that the repose period of the medical malpractice statute does not." (*Hayes*, 180 Ill. App. 3d at 445, 535 N.E.2d at 1140.)

The Illinois Supreme Court agreed with the appellate court and noted that to achieve the fundamental purpose of section 13—212, the resolution of the medical malpractice insurance-premium crisis, it was necessary to apply the statute of repose both to direct plaintiffs' actions and to third-party actions brought under the Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 et seq.). The supreme court also rejected efforts to distinguish between direct actions and third-party actions with respect to a statute of repose:

> "[A] suit for contribution against the insured for damages arising out of patient care exposes insurance companies to the same liability as if the patient were to have brought a direct action against the insured ***." *Hayes*, 136 Ill. 2d at 458, 557 N.E.2d at 877.

Because the legislature enacted section 13—213 for the same reasons as sections 13—212 and 13—214, the statute of repose contained in section 13—213 should be given the same treatment as those in the other two sections. Defendants argue, however, that the statutes of repose contained in sections 13—212 and 13—214 are more general than the statute of repose contained in section 13—213, and that sections 13—212 and 13—214 do not exempt actions for contribution from their respective statutes of repose. This argument is unpersuasive, especially since section 13—213 also does not exempt actions for contribution from its statute of repose.

■ We conclude by noting that section 13—213(f) means that the statute of repose will not affect the right of any person named as a defendant in a timely filed strict products liability action to seek and obtain indemnity and contribution. If this were not the case, a product supplier sued on the last day of the period of repose would be precluded from obtaining indemnity or contribution from other responsi-

ble parties. Thus, while section 13—213 bars any person from commencing an action based on the doctrine of strict liability in tort outside the period of repose, subsection (f) clarifies that it will not otherwise cut off the contribution or indemnity rights of a person timely sued as a defendant on such theory of liability. To interpret subsection (f) as allowing a contribution action in strict liability against Sears even though the statute of repose clearly barred plaintiff from bringing a direct strict liability action against Sears would contradict the language of the statute and defeat the purpose of the legislation.

Accordingly, the trial court is reversed.

Reversed.

McCULLOUGH and KNECHT, JJ., concur.