ROMAN CABALLERO, Plaintiff-Appellee, v. ROCKFORD PUNCH PRESS AND MANUFACTURING COMPANY, INC., *et al.*, Defendants-Appellants (Rockford Punch Press and Manufacturing Company, Inc., Third-Party Plaintiff; Vaughan Manufacturing Company, Third-Party Defendant).

First District (3rd Division)   No. 1—91—1808

Opinion filed March 31, 1993.

James Kirk Perrin and Audrey S. Hanrahan, both of Chicago, for appellant Allen-Bradley Company.

French, Kezelis & Kominiarek, of Chicago (Algimantas Kezelis, Russell P. Veldenz, and John A. Culver, of counsel), fôr Vaughan Manufacturing Company.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Roman Caballero, brought a personal injury action against defendant Rockford Punch Press and Manufacturing Company

(Rockford). Shortly thereafter, Allen-Bradley Company (Allen) was added as a defendant. More than five years and four months after it became a defendant, Allen sought leave to file a third-party complaint for contribution against Caballero's employer, Vaughan Manufacturing Company (Vaughan). The trial court denied Allen's request for leave to file its third-party complaint on the basis that the statute of limitations for filing the contribution claim had expired, and Allen has appealed from the order. We affirm.

On August 21, 1984, Caballero was employed by Vaughan and was injured while working on a punch press manufactured by Rockford. On January 31, 1985, Caballero filed a personal injury action against Rockford. The two-count complaint is based on product liability and negligence. The negligence count alleges negligence in the design and manufacture of the punch press. On September 27, 1985, Caballero's complaint was amended to add Allen as a defendant. The amended complaint alleges that Caballero was injured while employed by Vaughan, and charges Allen with product liability and negligence. The negligence count alleges that Allen negligently designed and manufactured the foot switch attached to the punch press manufactured by Rockford. On February 2, 1987, Rockford filed a third-party complaint for contribution against Vaughan.

In late 1990, the case was set for trial but the trial date was continued from time to time and reset for May 23, 1991. On February 1, 1991, Allen sought leave to file a third-party complaint for contribution against Vaughan; the third-party complaint alleges that Vaughan failed to properly train and instruct Caballero in using the punch press. Vaughan objected on the basis that the applicable statute of limitations for filing the contribution claim had expired. The trial court denied Allen leave to file its third-party complaint for the reason that the contribution claim was time barred.

Allen contends that the time for filing its third-party complaint for contribution has not expired because the time for filing its contribution claim has not expired under section 13—204 of the Code of Civil Procedure (735 ILCS 5/13—204 (West 1992)). Section 13—204 states:

> "Contribution among tortfeasors. No action for contribution among joint tortfeasors shall be commenced with respect to any payment made in excess of a party's pro rata share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability." 735 ILCS 5/13—204 (West 1992).

It is *Allen's* position that since it has not made payment to Caballero, the two-year "limitation period of section 13—204 has not yet started to run." Allen's reliance on section 13—204, however, is misplaced.

Although by its terms section 13—204 bars the filing of a contribution action more than two years after payment by a joint tortfeasor, it does not by its terms provide that all contribution actions are timely so long as they are commenced before two years after payment. (*Thompson v. Walters* (1991), 207 Ill. App. 3d 531, 537-38, 565 N.E.2d 1385, 1389-90; *Hayes v. Mercy Hospital & Medical Center* (1989), 180 Ill. App. 3d 441, 446, 535 N.E.2d 1137, 1140, *aff'd* (1990), 136 Ill. 2d 450, 557 N.E.2d 873; *Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 518, 511 N.E.2d 706, 708.) Moreover, by its terms, section 13—204 is applicable only to the filing of a contribution action after payment has been made; but section 13—204 is not applicable to the filing of a contribution action after an underlying direct action is pending. After an underlying direct action is pending, section 5 of the Joint Tortfeasor Contribution Act (740 ILCS 100/5 (West 1992)) rather than section 13—204 of the Code of Civil Procedure applies to an action for contribution. (*Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 459, 557 N.E.2d 873, 877; *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196, 473 N.E.2d 939, 941-42; *Rummel v. Yazoo Manufacturing Co.* (1991), 222 Ill. App. 3d 526, 529, 583 N.E.2d 19, 21.) Thus, despite section 13—204, a joint tortfeasor cannot file a contribution action up to two years after making payment if he fails to file the contribution action in an underlying pending direct action. (*Laue*, 105 Ill. 2d at 196, 473 N.E.2d at 941-42.) Also, despite section 13—204, a joint tortfeasor cannot file a contribution action up to two years after making payment when there is an expired statute of repose that is applicable to an underlying pending direct action. (*Hayes*, 136 Ill. 2d at 459-61, 557 N.E.2d at 877-78.) In these instances, like the present case, the controlling feature is that section 5 of the Joint Tortfeasor Contribution Act rather than section 13—204 of the Code of Civil Procedure applies.

Section 5 of the Joint Tortfeasor Contribution Act provides:

"Enforcement. A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." 740 ILCS 100/5 (West 1992).

Allen argues that if section 5 of the Joint Tortfeasor Contribution Act rather than section 13—204 of the Code of Civil Procedure is applicable here, then the time for filing its third-party complaint for contribu-

tion has not expired because the underlying direct action is still pending. Allen relies on *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939. In *Laue* (105 Ill. 2d at 196, 473 N.E.2d at 941-42), the supreme court held that under section 5 of the Joint Tortfeasor Contribution Act, if there is an underlying direct action pending then the party seeking contribution must assert its claim for contribution by counterclaim or third-party action in the pending underlying direct action. *Laue*, however, only "established a procedural requirement that actions for contribution must be filed during the pendency of the underlying direct action. [Citation.] The decision does not hold that all actions for contribution brought within the time an underlying suit is pending are timely filed." *Hayes*, 136 Ill. 2d at 460, 557 N.E.2d at 877.

■■ It is clear from a reading of *Hayes* and *Laue* that whether an action for contribution is timely filed is dependant upon whether there is an underlying direct action pending. Where an underlying direct action is not pending and a joint tortfeasor makes payment to the injured claimant, an action for contribution is subject to the limitation period provided in section 13—204 (735 ILCS 5/13—204 (West 1992)). Where an underlying direct action is pending, an action for contribution by a joint tortfeasor is subject to the same statutes of limitations and repose that are applicable to the original claimant's cause of action in the underlying direct action.[1] *Antunes v. Sookhakitch* (1992), 146 Ill. 2d 477, 491, 588 N.E.2d 1111, 1117-18; *Hayes*, 136 Ill. 2d at 458-61, 557 N.E.2d at 877-

---

[1]For the purpose of illustrating the application of the principle stated in the text, we note that if the original claimant in an underlying direct action is a minor or a person under legal disability the limitation period of the statute of limitations is merely tolled but not changed during the minority or disability. (*Antunes v. Sookhakitch* (1992), 146 Ill. 2d 477, 486-87, 588 N.E.2d 1111, 1115; *Beck v. Yatvin* (1992), 235 Ill. App. 3d 1085, 1087-90, 603 N.E.2d 558, 560; 51 Am. Jur. 2d *Limitations of Actions* §182 (1970); 54 C.J.S. *Limitations of Actions* §112 (1987).) Thus, the limitation period of the statute of limitations for a contribution action where the original claimant is a minor or a person under legal disability would be the same as for the cause of action of the original claimant, but there would be no tolling of the statute of limitations for the filing of the contribution action. This same principle would apply if the limitation period of a statute of limitations is tolled as to the original claimant because of the discovery rule that is applicable to statutes of limitations. A statute of repose, however, is different from a statute of limitations since there is no tolling of a statute of repose unless an exception is created in the particular statute of repose itself. (*Cunningham v. Huffman* (1993), 154 Ill. 2d 398, 405; *Highland v. Bracken*, 202 Ill. App. 3d at 632, 560 N.E.2d at 411.) It follows that if the original claimant in a direct underlying action is a minor or a person under legal disability, the statute of repose for a contribution action would be the same as the statute of repose that is applicable to the original claimant who is a minor or a person under legal disability. See *Antunes*, 146 Ill. 2d at 491, 588 N.E.2d at 1117-18.

78; *Rummel*, 222 Ill. App. 3d at 530, 583 N.E.2d at 21-22; *Thompson*, 207 Ill. App. 3d at 536-39, 565 N.E.2d at 1388-90; *Highland v. Bracken* (1990), 202 Ill. App. 3d 625, 630, 560 N.E.2d 406, 410.

■ The right of a contribution action, however, exists in an inchoate form from the time of the injury to the original claimant and accrues for purposes of statutes of limitations (1) when there is no underlying direct action pending and the party seeking contribution makes payment or undertakes an obligation to make payment to the injured original claimant, or (2) when the party seeking contribution is sued in an underlying direct action and given notice of the nature of the action upon which the contribution claim is based. *Rummel*, 222 Ill. App. 3d at 529, 583 N.E.2d at 21; *Bonfield v. Jordan* (1990), 202 Ill. App. 3d 638, 642, 560 N.E.2d 412, 415; *Highland*, 202 Ill. App. 3d at 630, 560 N.E.2d at 409.[2]

■ In the present case, Caballero was injured on August 21, 1984. The applicable statute of limitations for filing a personal injury action provides that the suit must be commenced within two years after the cause of action accrues. (735 ILCS 5/13—202 (West 1992).) On January 31, 1985, Caballero filed the underlying personal injury action naming Rockford as a defendant. On September 27,

---

[2]We point out that a statute of repose has a different purpose and therefore operates differently than a statute of limitations. In a contribution action, the statute of repose begins to run at the same time as it does for the original claimant in the underlying pending direct action. The time period for both actions begins to run from the time of the act or omission or occurrence causing the injury to the original claimant, as provided in the particular statute of repose. (*Cunningham v. Huffman* (1993), 154 Ill. 2d 398, 406; *Hayes*, 136 Ill. 2d at 458-61, 557 N.E.2d at 877-78.) The discovery rule has no application to a statute of repose unless the particular statute of repose so provides by its own terms. In *Cunningham* (154 Ill. 2d at 406), the court stated: "Although such a statutory scheme may result in harsh consequences, such as when a cause of action is barred even before its discovery, we reiterate that a 'period of repose gives effect to a policy different from that advanced by a period of limitations; [the period of repose] is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge.' (*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 422.)" In *Hayes* (136 Ill. 2d at 460-61, 557 N.E.2d at 878), the court stated: "Plaintiffs finally note that application of the repose period to actions for contribution effectively abolishes contribution actions in all cases where the underlying action is filed close to or on the last day of the four-year repose period. *** [T]he General Assembly perceived the medical malpractice insurance crisis as so grave that it limited to four years a patient's right to bring an action against certain health-care providers for damages arising out of patient care. For that reason, we find it difficult to believe that the General Assembly did not also intend to bar a culpable party's claim for contribution if not filed within the same statutory four-year period allowed an innocent plaintiff."

1985, Caballero's complaint was amended to add Allen as a defendant. The amended complaint alleges that Caballero was injured while employed by Vaughan, and charges Allen with product liability and negligence in designing and manufacturing the foot switch attached to the punch press that injured Caballero. Allen, however, did not seek leave to file a third-party complaint for contribution against Vaughan until February 1, 1991, more than five years and four months after it was sued and given notice of the nature of the action upon which the contribution claim is based. Allen therefore did not seek leave to file its contribution claim within two years after the contribution claim accrued. It follows that the applicable two-year statute of limitations for filing the contribution claim had expired.

Since Allen did not seek leave to file its third-party complaint for contribution within two years after it was sued and given notice of the nature of the action upon which the contribution claim is based, the trial court properly sustained Vaughan's objection and properly denied Allen leave to file the third-party complaint for contribution against Vaughan.

In its order, the trial court states: "It is ordered that based on the decision in *Highland v. Bracken* (1990), 202 Ill. App. 3d 625, the motion for leave to file the third-party complaint is denied." On appeal, Allen argues that if the trial court's order is affirmed, we should make the decision in *Highland* prospective only. Allen's argument is unavailing for the reason that our decision to affirm is not based solely on *Highland*, but rather is based on all the cases which we have cited in our opinion and the rationale expressed. Our decision is consistent with but not dependent upon *Highland*.

Moreover, the *Highland* court did not declare that its decision was a clear break with the past or that it was overruling a past precedent; nor did the *Highland* court establish a new principle of law that was not foreshadowed. Surely, cases such as *Laue* and *Hayes*, both of which were discussed and relied upon in *Highland*, were foretelling. Parenthetically, although its decisions in *Laue* and *Hayes* were significant developments in the law of contribution, the supreme court did not hold that either of those decisions applied prospectively only. In addition, *Highland* was followed in *Rummel v. Yazoo Manufacturing Co.* (1991), 222 Ill. App. 3d 526, 583 N.E.2d 19, *Thompson v. Walters* (1991), 207 Ill. App. 3d 531, 565 N.E.2d 1385, and *Bonfield v. Jordan* (1990), 202 Ill. App. 3d 638, 560 N.E.2d 412; and none of those courts held that its decision applied prospectively only. Lastly, we observe that the *Highland* court itself

did not opt to make its decision prospective only. Under the circumstances, we reject Allen's argument.

Next, Allen argues that "Vaughan will suffer no prejudice if Allen is granted leave to file its third-party complaint." Vaughan counters that it would be prejudiced because the motion to file the third-party complaint was made on February 1, 1991, and the case had been set for trial in 1990 and continued from time to time and reset for trial on May 23, 1991. Vaughan argues that it would be unfair to allow the filing of an additional claim against it after the case had been set for trial and within a very short time of the new trial date.

We regard the nonexistence or existence of prejudice as an inconsequential issue since the facts relating to the expiration of the statute of limitations for filing the contribution claim are admitted by both parties; and it is not disputed that Vaughan objected to the filing of the contribution claim at its first opportunity.

In ruling on a motion to file an amendment to add a new claim, a court should consider the ultimate efficacy of the claim. If there is an objection to a motion to amend and the objection demonstrates that the amendment would not state a viable cause of action, then the motion to amend is properly denied. (*Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 591, 491 N.E.2d 803, 808; *Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335, 339, 397 N.E.2d 200, 203.) It follows that under the circumstances here, the trial court properly sustained Vaughan's objection and properly denied Allen leave to file a third-party complaint for contribution against Vaughan.

Accordingly, the order of the trial court is affirmed.

Affirmed.

TULLY, P.J., and GREIMAN, J., concur.