TS-AI LIN, Plaintiff, v. THE CITY OF CHICAGO, Defendant and Third-Party Plaintiff-Appellant (Balbo Company, Third-Party Defendant-Appellee).

First District (4th Division)   No. 1—93—4116

Opinion filed October 12, 1995.

HOFFMAN, P.J., specially concurring.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Frederick S. Rhine, Assistant Corporation Counsel, of counsel), for appellant.

Schoen & Smith, Ltd., of Chicago (Thomas P. Mangan, of counsel), for appellee.

JUSTICE S. O'BRIEN delivered the opinion of the court:

Third-party plaintiff, the City of Chicago (City), appeals from the circuit court's dismissal of its complaint against third-party defendant, Balbo Company (Balbo), as untimely pursuant to section 2—619(5) of the Illinois Code of Civil Procedure (735 ILCS 5/2—619(5) (West 1992)). We reverse.

On December 5, 1990, plaintiff, Ts-Ai Lin, brought suit against the City for injuries allegedly caused by her fall on a City sidewalk. More than one year, but less than two years, later, the City filed a third-party complaint for contribution against Balbo, alleging Balbo was jointly responsible for maintaining the sidewalk. Balbo moved to dismiss the third-party complaint, arguing that the City's contribution action was barred by the statute of limitations contained in section 8—101 of the Local Governmental and Governmental Employees

14

Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8—101 (West 1992)), which provides that tort actions against a local government must be brought within one year of the time at which a cause of action accrues. The circuit court agreed and dismissed the City's third-party complaint with prejudice. The City appealed.

On appeal, the City argues a two-year statute of limitations should apply to its contribution action against Balbo, not the one-year statute of limitations applicable to actions against local public entities. We agree. Section 8—101 states, "[n]o civil action may be commenced in any court *against* a local entity *** unless it is commenced within one year from the date that the injury was received or the cause of action accrued." (Emphasis added.) (745 ILCS 10/8—101 (West 1992).) By its plain language, therefore, the one-year statute of limitations contained in section 8—101 applies only to actions "against" local public entities. Clearly a suit by the City against Balbo is not a suit against a local public entity; hence, section 8—101 has no application.

The City argues this court should apply the two-year statute of limitations for contribution actions contained in the recently enacted amendment to section 13—204 of the Code of Civil Procedure (735 ILCS 5/13—204 (West 1994)), which became effective January 1, 1995. The amended section 13—204 does not affect statutory limitation rights that were fully vested prior to its effective date. (735 ILCS 5/13—204(d) (West 1994).) The parties' statutory limitations rights were fully vested prior to January 1, 1995, and hence our analysis is controlled by *Caballero v. Rockford Punch Press & Manufacturing Co.* (1993), 244 Ill. App. 3d 333, 614 N.E.2d 362.

*Caballero* states that where an underlying direct action is pending, an action for contribution by a joint tortfeasor is subject to the same statute of limitations applicable to the original claimant's *cause of action* in the underlying direct action. (*Caballero v. Rockford Punch Press & Manufacturing Co.*, 244 Ill. App. 3d at 337, 614 N.E.2d at 365.) While we are mindful that the particular defendant in the underlying direct action, the City of Chicago, has been granted special status by the legislature affording it the extra protection of a shortened one-year statute of limitations, *Caballero* speaks of the "cause of action" and not of the status of defendants. The "cause of action" in this case is personal injury. Personal injury actions are typically subject to a two-year statute of limitations. (735 ILCS 5/13—202 (West 1992).) The City was therefore entitled to two years from the date the contribution cause of action accrued to file suit against Balbo. Lin filed suit against the City on October 4, 1991, whereupon the City's contribution cause of action against Balbo accrued. The

City filed its third-party complaint against Balbo on December 11, 1992, well within the applicable two-year statute of limitations.

Because we find the City filed its claim for contribution within the general two-year statute of limitations applicable to personal injury actions, we need not determine whether its cause of action constitutes an assertion of a public right not subject to a statute of limitations defense.

Because the disposition of this case is controlled by *Caballero v. Rockford Punch Press & Manufacturing Co.* (1993), 244 Ill. App. 3d 333, 614 N.E.2d 362, we reverse the order of the trial court dismissing the City's contribution action against Balbo and remand for further proceedings.

Reversed and remanded.

CAHILL, J., concurs.

PRESIDING JUSTICE HOFFMAN, specially concurring:

We were called upon in this case to decide a very narrow issue of law: whether the one-year limitations period contained in section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/8—101 (West 1992)) has any application to a third-party claim for contribution brought *by* a local public entity against a private corporation. Since, as the majority correctly observes, section 8—101, by its plain language, applies only to actions *against* a local public entity, the answer to the issue presented is "no." Had the majority ended its analysis with that simple holding, I would have concurred in both its reasoning and result. As it stands, however, the majority has gone further in support of its judgment articulating a rationale with which I disagree analytically.

The majority states that its analysis is controlled by the holding in *Caballero v. Rockford Punch Press & Manufacturing Co.* (1993), 244 Ill. App. 3d 333, 614 N.E.2d 362, and then proceeds to justify that conclusion through a reasoning process that finds no support in the holding of *Caballero* itself or any other reported decision of which I am aware.

The *Caballero* court held: "Where an underlying direct action is pending, an action for contribution by a joint tortfeasor is subject to the same statutes of limitation and repose that are applicable to the original claimant's cause of action in the underlying direct action." (*Caballero*, 244 Ill. App. 3d at 337.) For ease of further discussion, I will refer to this holding as the *Caballero* Rule.

In this case, the underlying direct action by the plaintiff, Ts-Ai

Lin, against the City of Chicago (City) is governed by the one-year statute of limitations set forth in section 8—101 of the Act. It seems to follow logically that an application of the *Caballero* Rule leads then to the conclusion drawn by the trial court; namely, that the City's action for contribution is also subject to the same one-year statute of limitations. Yet the majority, relying upon the *Caballero* Rule, states that while Lin's underlying direct action against the City is subject to a one-year statute of limitations, a two-year statute of limitations is applicable to the City's third-party action for contribution against *Balbo*. The majority reconciles this seeming contradiction by stating:

> "While we are mindful that the particular defendant in the underlying direct action, the City of Chicago, has been granted special status by the legislature affording it the extra protection of a shortened one-year statute of limitations, *Caballero* speaks of the 'cause of action' and not of the status of the defendants. The 'cause of action' in this case is personal injury. Personal injury actions are typically subject to a two-year statute of limitations. (735 ILCS 5/13—202 (West 1992).) The City was therefore entitled to two years from the date the contribution cause of action accrued to file suit against Balbo." 276 Ill. App. 3d at 14.

I believe that the majority's analysis on this point is flawed for two reasons. First, the *Caballero* Rule does not speak merely in terms of the "cause of action"; it states, without qualification, "an action for contribution *** is subject to the *same* statutes of limitation *** that are applicable to the original claimant's cause of action *in the underlying direct action.*" (Emphasis added.) (*Caballero*, 244 Ill. App. 3d at 337.) And there is no question in this case that the statute of limitations applicable to Lin's cause of action *in the underlying direct action* against the City is one year, not two years as the majority holds. Second, the *Caballero* court, in formulating the rule upon which the majority professes reliance, cited to the holdings in *Rummel v. Yazoo Manufacturing Co.* (1991), 222 Ill. App. 3d 526, 583 N.E.2d 19, and *Highland v. Bracken* (1990), 202 Ill. App. 3d 625, 560 N.E.2d 406, which stand for the proposition that a party's status as a local public entity is determinative of the "applicable" statute of limitations that will be applied to a contribution action brought against it. (*Caballero*, 244 Ill. App. 3d at 337-38.) It seems rather paradoxical to suggest that the *Caballero* court would somehow ignore that same status in determining the statute of limitations "applicable" to the original claimant's cause of action in the underlying direct action.

My disagreement with the majority's reliance upon the *Caballero* Rule, however, transcends any criticism of the reasoning employed

by the majority in an effort to bring this case within the ambit of the rule. More fundamentally, I believe that the *Caballero* Rule itself is the product of questionable reasoning and should not be followed in any case.

The value of any holding of an intermediate reviewing court is commensurate with the logical force of the reasons which support it. The reasons stated by a court in support of its holding become the very foundation of that holding. Like a building constructed on a foundation of sand, any holding of a court which is not supported by reasons capable of withstanding critical analysis is ultimately doomed to collapse under its own weight. This is especially true of broad pronouncements stated without qualification and based upon prior holdings which were very narrow in scope.

In support of its broad and sweeping statement of law, the *Caballero* court relied upon the holdings in *Antunes v. Sookhakitch* (1992), 146 Ill. 2d 477, 588 N.E.2d 1111, *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 557 N.E.2d 873, *Rummel,* 222 Ill. App. 3d 526, 583 N.E.2d 19, *Thompson v. Walters* (1991), 207 Ill. App. 3d 531, 565 N.E.2d 1385, and *Highland,* 202 Ill. App. 3d 625, 560 N.E.2d 406. (*Caballero,* 244 Ill. App. 3d at 337-38.) Two of those cases however, *Rummel* and *Highland,* actually produced results contrary to the *Caballero* Rule. In *Rummel* and *Highland,* the plaintiffs' underlying direct actions were governed by two-year statutes of limitations, and yet both courts applied the one-year statute of limitations contained in section 8—101 of the Act to the third-party actions for contribution. (*Rummel,* 222 Ill. App. 3d 526, 583 N.E.2d 19; *Highland,* 202 Ill. App. 3d 625, 560 N.E.2d 406.) Furthermore, the courts in *Antunes, Hayes,* and *Thompson* were called upon to interpret statutes governing periods of repose in very specific types of actions (*Antunes,* 146 Ill. 2d at 484 (considering Ill. Rev. Stat. 1987, ch. 110, pars. 13—212(a), (b)); *Hayes,* 136 Ill. 2d at 453-54 (considering Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a)); *Thompson,* 207 Ill. App. 3d at 532 (considering Ill. Rev. Stat. 1987, ch. 110, par. 13—213)); and, after analyzing the particular language used by the legislature, each concluded that the *specific* statutory repose period that it was called upon to interpret governed not only direct actions, but also actions for contribution. Not one of the cases cited by the *Caballero* court even remotely suggests that *all* third-party actions for contribution are governed by the same statutes of limitations and repose that govern the underlying direct action.

The *Caballero* court arrived at its broad declaration of law on this issue without any analysis of the language of the statute of limitations applicable to its underlying direct action; in fact, the court

18

only revealed that the two-year limitations period contained in section 13—202 of the Code of Civil Procedure (735 ILCS 5/13—202 (West 1992)) would apply to both the underlying direct action and the third-party action for contribution after it had already articulated its broad holding. (*Caballero*, 244 Ill. App. 3d at 337-38.) The process employed by the *Caballero* court bears no resemblance to either inductive or deductive reasoning; rather, it appears to be a naked declaration of law supported by nothing more than the court's power to say it.

Absent cogent reasoning either in support of the *Caballero* Rule or the majority's application of it, I write separately and concur only in the result reached by the majority in this case.