MILTON GUZMAN *et al.*, Plaintiffs-Appellees, V. C.R. EPPERSON CONSTRUCTION, INC., Defendant and Third-Party Plaintiff-Appellant (MJE Construction, Inc., *et al.*, Third-Party Defendants-Appellees; S.S. Schneider, as Special Adm'r of the Estate of Randy T. Andersen, Deceased, d/b/a Andersen Masonry and/or Andersen Construction, Third-Party Defendant).

Fourth District   No. 4—98—1050

Argued July 14, 1999.—Opinion filed January 7, 2000.

Brian P. Thielen and Barbara E. Snow (argued), both of Thielen Law Offices, of Bloomington, for appellant.

Brenda H. Simkins (argued), of Hartweg, Mueller, Turner & Wood, P.C., of Bloomington, for appellee Hardesty Heating & Ventilating, Inc.

Karen L. Kendall and Rex K. Linder, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee MJE Construction, Inc.

Richard G. Fehrenbacher, of Fehrenbacher & Fehrenbacher, P.C., of Wyoming, for appellee Michael Hadden.

Thomas M. Shields, of Lexington, for appellee Robert Georgi.

Kevin P. Fitzgerald, of Thomson & Weintraub, of Bloomington, for appellee Milton Guzman.

PRESIDING JUSTICE COOK delivered the opinion of the court:

In September 1992, plaintiffs, Milton and Donna Guzman (Guzmans), sued defendant and third-party plaintiff, C.R. Epperson Construction, Inc. (Epperson), for breach of contract due to the alleged improper construction of their new home by Epperson. The Guzmans voluntarily dismissed their complaint without prejudice in March 1996 but refiled it in April 1996, alleging the same causes of action. In September 1996, Epperson filed a third-party breach-of-contract complaint against various subcontractors that it hired to help construct the Guzman home and later amended its complaint to add indemnity claims as well. In April 1998, the trial court dismissed Epperson's complaint against one subcontractor as barred by the statute of limitations and later dismissed claims against two others and granted summary judgment to a third. Epperson appeals. We reverse and remand with directions.

## BACKGROUND

In 1988, the Guzmans contracted with Epperson to build a residence in Bloomington, Illinois. Epperson then contracted out work to various subcontractors, including third-party defendants MJE Construction, Inc. (MJE); Michael Hadden, d/b/a Hadden Concrete (Hadden); Hardesty Heating and Ventilating, Inc. (Hardesty); and Robert Georgi, d/b/a G&G Roofing (Georgi). On September 25, 1992, the Guzmans sued Epperson, claiming that their home had been constructed improperly, resulting in numerous structural defects. In March 1996, the Guzmans voluntarily dismissed their complaint but refiled it on April 12, 1996, alleging the same claims.

On September 4, 1996, Epperson filed a third-party breach-of-contract complaint against subcontractors MJE, Hadden, Hardesty, Georgi, and a fifth subcontractor that Epperson later voluntarily dismissed from the lawsuit. The complaint detailed the various problems for which each subcontractor was allegedly responsible, stating that the residence had flooded and leaked repeatedly in 1989 and 1990 and subsequently during periods of heavy rainfall. On February 10, 1997, Epperson amended its complaint to include express and implied indemnity claims. Epperson also added a claim against a sixth subcontractor, since deceased, who is not part of this litigation.

■ MJE and Hardesty then filed motions to dismiss the amended claims directed at them, arguing that Epperson admitted in its original complaint to having known of the alleged deficiencies as early as 1989 or 1990 and, therefore, had failed to file its complaint within the four-year limitations period of section 13—214(a) of the Code of Civil Procedure (Code) (735 ILCS 5/13—214(a) (West 1996)), which provides:

"Actions based upon tort, contract[,] or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation[,] or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission."

The trial court denied the motions. However, in a subsequent motion to dismiss, Georgi included an August 1996 letter from Epperson informing Georgi of the lawsuit, which stated that Epperson had tried unsuccessfully to resolve the matter since 1990. Epperson argued in response that it had not suffered any "injury" until the Guzmans sued it in April 1996 or, at earliest, when they originally sued Epperson in September 1992.

■ Epperson further contended that section 13—204 of the Code (735 ILCS 5/13—204 (West 1996)) applied to its indemnity claims. Section 13—204, which was amended (Pub. Act 88—538, § 5, eff. January 1, 1995 (1994 Ill. Laws 154, 157)) to specifically cover all actions for contribution and indemnity, provides:

"In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party *** knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires *later*." (Emphasis added.) 735 ILCS 5/13—204(b) (West 1996).

Section 13—204(d) of the Code provides that this limitations period applies retroactively unless previously applicable statutes of limitations or repose rights had already expired. 735 ILCS 5/13—204(d) (West 1996).

In April 1998, the trial court granted Georgi's motion based primarily on Epperson's letter and determined that the limitations period of section 13—214(a) had expired by the end of 1994. The trial court rejected Epperson's contention that section 13—204, as amended, applied to Epperson's indemnity claims, finding that section 13—214(a) was previously applicable to the indemnity claims as well, and the limitations period for these claims had also expired in 1994. In November 1998, the trial court dismissed the claims against Hadden and Hardesty, granted summary judgment to MJE, and permitted the parties to take an immediate appeal under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). This appeal followed.

## ANALYSIS

■ As we consider on appeal whether the trial court erred in grant-

ing the subcontractors' motions to dismiss and for summary judgment, our review is *de novo*. *Shull v. Harristown Township*, 223 Ill. App. 3d 819, 824, 585 N.E.2d 1164, 1167 (1992); *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993).

Both parties distinguish Epperson's claims for breach of contract from its claims for indemnity and, accordingly, their respective limitations periods as well. However, we find for our purposes that all the claims in Epperson's amended complaint, regardless of the proposed theory of recovery, are in reality third-party actions seeking monetary relief should the Guzmans obtain a judgment against Epperson. All are, in essence, one cause of action. Therefore, we treat all of Epperson's claims as third-party indemnity claims to determine the applicable statute of limitations and leave any decision as to how the actual pleadings themselves should be treated to the trial court on remand.

Our sole question is this: did section 13—214(a) of the Code apply to Epperson's construction-related claims for indemnity? The language of section 13—204 as amended clearly states that its limitations period now applies to all contribution and indemnity claims, except those that had expired under previously applicable statutes of limitation before January 1, 1995. 735 ILCS 5/13—204(c) (West 1996) (as amended by Pub. Act 88—538, § 5, eff. January 1, 1995). However, the subcontractors claim that section 13—214's four-year limitations period applied to Epperson's third-party indemnity claims until section 13—204 was amended and, therefore, the limitations period for filing these claims had expired, as the trial court ruled, by 1994 at the latest.

Other appellate districts have ruled that section 13—214(a) applies to third-party contribution or indemnity claims that are construction related as well as to direct actions. See *Hartford Fire Insurance Co. v. Architectural Management, Inc.*, 158 Ill. App. 3d 515, 518, 511 N.E.2d 706, 708 (1987) (language and legislative history of section 13—214 demonstrate that its limitations and repose periods apply to third-party contribution claims); *Board of Library Directors v. Skidmore, Owings & Merrill*, 215 Ill. App. 3d 69, 74-75, 574 N.E.2d 869, 872 (1991) (section 13—214 was intended to encompass *all* construction-related actions, including third-party indemnity claims); *Oakes v. Miller*, 228 Ill. App. 3d 843, 845-46, 593 N.E.2d 903, 904-05 (1992) (construction statute of limitations is more specific than act pertaining to contribution and thus applicable to construction-related third-party complaints); *Washington Courte Condominium Ass'n-Four v. Washington-Golf Corp.*, 267 Ill. App. 3d 790, 829-31, 643 N.E.2d 199, 225-27 (1994) (adopting the holding of *Board of Library Direc-*

*tors*); see also *Swann & Weiskopf, Ltd. v. Meed Associates, Inc.*, 304 Ill. App. 3d 970, 975, 711 N.E.2d 395, 399 (1999). We decline to follow these cases.

■ We first note that *Hartford* focused solely on section 13—214(b), the statute of repose for construction-related claims, rather than section 13—214(a)'s statute of limitations. See *Hartford*, 158 Ill. App. 3d at 519-20, 511 N.E.2d at 709-10. The purpose of a repose statute is to set an absolute cutoff date after which *no* claims may be filed, regardless of circumstances that emerge years later. Therefore, the court in *Hartford* was correct in ruling that section 13—214(b) serves as the repose period for all construction-related claims—including third-party actions for contribution or indemnification—to prevent *any* such claims from proceeding after a certain prolonged time period has expired. See also *Highland v. Bracken*, 202 Ill. App. 3d 625, 632, 560 N.E.2d 406, 411 (1990). However, such rationale does not exist in applying section 13—214(a)'s limitations period to third-party contribution or indemnity claims.

■ In *Highland*, 202 Ill. App. 3d at 629, 560 N.E.2d at 409, this court stated that the right of contribution exists in inchoate form from the time of injury but does not "ripen, mature, vest, or accrue" until either payment is made, obligated, or incurred or an action is brought against the defendant. Accordingly, a cause of action for contribution would not accrue, in circumstances similar to the case at bar, until the date an action was filed against the third-party plaintiff. *Highland*, 202 Ill. App. 3d at 630, 560 N.E.2d at 409. The same rationale applies to third-party indemnity claims such as those filed in the instant case. While an indemnity claim may be filed before it accrues to promote settlement of all claims in one action (*Kerschner v. Weiss & Co.*, 282 Ill. App. 3d 497, 506, 667 N.E.2d 1351, 1357 (1996)), the limitations period itself accrues, as with contribution claims, only upon payment, settlement, or the filing of a cause of action. Otherwise, as we noted in *Highland*, parties who might need third-party relief could be compelled to file numerous anticipatory claims well before they are sued, even if such litigation might later be unnecessary because the original plaintiff does not sue. *Highland*, 202 Ill. App. 3d at 632-33, 560 N.E.2d at 411.

■ Therefore, we reject the subcontractors' arguments that section 13—214(a) applied as a limitations period for Epperson's indemnity claims or began accruing when Epperson purportedly discovered the alleged defects. In fact, no particular statute of limitations specifically applied to these claims before section 13—204 was amended effective in 1995. Before its amendment, section 13—204 applied only to claims for contribution, not claims for indemnity, and, therefore, it would not

have applied to the case at bar. See 735 ILCS 5/13—204 (West 1992). Therefore, only section 13—204, as amended, can be applicable in this case. This case has some procedural quirks given that the Guzmans filed their lawsuit in September 1992, dismissed it in March 1996, and refiled it in April 1996. The record is devoid of any explanation as to why the lawsuit was dismissed and quickly refiled; however, the Guzmans had the right to do just that. See 735 ILCS 5/13—217 (West 1992) (permitting plaintiffs to voluntarily dismiss an action and refile it within a year) (since amended to prohibit such action if the cause of action accrued after March 9, 1995 (Pub. Act 89—7, § 15, eff. March 9, 1995 (1995 Ill. Laws 284, 309))). Epperson failed to file any third-party claims until September 1996, literally weeks shy of the four-year anniversary of the Guzmans filing their first lawsuit. However, without an effective limitations statute on the books until January 1, 1995, we consider that either the refiling of the Guzmans' lawsuit or, at earliest perhaps, the January 1, 1995, date that amended section 13—204 became effective was the point at which the limitations period began to accrue for Epperson's indemnity claims. Either way, Epperson scraped through and its claims are not time-barred.

## CONCLUSION

In sum, we reverse the trial court's ruling finding Epperson's claims against the third-party defendants to be time-barred and remand this cause to the trial court with directions to reinstate Epperson's claims for indemnity against MJE, Georgi, Hadden, and Hardesty.

Reversed and remanded with directions.

MYERSCOUGH and KNECHT, JJ., concur.