VINAY D. ADUKIA *et al.*, Plaintiffs, v. SANDRA J. FINNEY, Defendant and Third-Party Plaintiff-Appellant (The City of Mattoon, Third-Party Defendant-Appellee).

Fourth District   No. 4—98—0882

Argued April 20, 1999.—Opinion filed August 25, 2000.—Rehearing denied September 21, 2000.

KNECHT, J., dissenting.

Michael D. Ryan and Brien J. O'Brien (argued), both of Ryan, Bennett, Radloff, Koester & O'Brien, of Mattoon, for appellant.

Richard F. Record, Jr. (argued), and Kristine M. Tuttle, both of Craig & Craig, of Mattoon, for appellee.

PRESIDING JUSTICE COOK delivered the opinion of the court:

The issue in this case arose when the supreme court, in *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997), struck down a statute that replaced joint and several liability with proportionate several liability. Defendant had relied on proportionate several liability when she was sued and did not file a third-party contribution action at that time. Defendant filed her contribution action after *Best* was decided, but the trial court dismissed the action on the basis that the statute of limitations had run by that time. Defendant appeals. We reverse and remand.

The common law developed a doctrine of joint and several liability, under which, when two or more defendants tortiously contributed to the same indivisible injury, each defendant could be held jointly and severally liable for the entire injury. Under the doctrine of joint and several liability, a plaintiff may recover compensation for the full amount of his injury from any one of the defendants responsible for the injury. *Best*, 179 Ill. 2d at 423, 689 N.E.2d at 1084. The remedy for a defendant who has paid more than his *pro rata* share of the common liability is found in the Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/2 (West 1998)), which provides a right to contribution from the other persons subject to liability in tort. Once the underlying action is brought by an injured person, the contribution claim must be asserted by counterclaim or third-party claim in that

action or else it will be barred. See *Laue v. Leifheit*, 105 Ill. 2d 191, 195-96, 473 N.E.2d 939, 941-42 (1984). The common-law rule was essentially restated in section 2—1117 of the Code of Civil Procedure (Code), as that section existed prior to 1995. 735 ILCS 5/2—1117 (West 1994) (joint and several liability for medical expenses; defendant whose fault is less than 25% only severally liable for other damages).

In 1995, the legislature, by "An Act to amend certain Acts in relation to civil actions, *** the Civil Justice Reform Amendments of 1995," Public Act 89—7 (Pub. Act 89—7, § 15, eff. March 9, 1995 (1995 Ill. Laws 284, 299-300)) (hereafter Public Act 89—7), amended section 2—1117 of the Code to replace joint and several liability with proportionate several liability. 735 ILCS 5/2—1117(a) (West 1996) ("a defendant is severally liable only and is liable only for that proportion of recoverable *** damages, if any, that the amount of that defendant's fault, if any, bears to the aggregate amount of fault of all other tortfeasors").

On December 18, 1997, the supreme court held that section 2—1117, as amended by Public Act 89—7, violated the special legislation clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 13), in that section 2—1117(b) allowed medical malpractice plaintiffs to recover under traditional joint and several liability principles (*Best*, 179 Ill. 2d at 429-32, 689 N.E.2d at 1087-88), which "arbitrarily and unconstitutionally provides a special benefit for medical malpractice plaintiffs." *Best*, 179 Ill. 2d at 432, 689 N.E.2d at 1088.

Plaintiffs, Vinay D. Adukia and Ranjana Adukia, were involved in a motor vehicle accident with defendant, Sandra J. Finney, on January 29, 1995, at the intersection of Illinois Route 16 and Lerna Road in Coles County, Illinois. When plaintiffs brought suit against Finney on December 24, 1996, Finney answered, denying all allegations of negligence and asserting as an affirmative defense the several liability of the City of Mattoon (City) and/or the State of Illinois (State) because of their construction, positioning, and maintenance of the left-turn signal governing westbound traffic on Route 16. Finney's affirmative defense was consistent with the adoption, by Public Act 89—7, of proportionate several liability.

After the supreme court struck down proportionate several liability in *Best*, Finney filed, on April 6, 1998, a third-party complaint seeking contribution from the City and the State. On July 9, the trial court dismissed, without prejudice, count I of the third-party complaint against the State. The dismissal of count I is not a part of this appeal. The City filed a motion to dismiss count II, contending that count was barred by section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act)

(745 ILCS 10/8—101 (West 1998)). Section 8—101 requires that a civil action against a local entity be "commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8—101 (West 1998). Count II was filed more than three years after the date of the accident, and slightly more than a year (15 months) after the filing of the underlying cause of action, but less than four months after the supreme court's decision in *Best*. The City argues that the underlying action was filed December 24, 1996, *Best* was decided December 18, 1997, and Finney had six days after the decision in *Best* to comply with the one-year limitation of section 8—101.

After originally denying the motion to dismiss, the trial court reconsidered and dismissed count II of Finney's third-party complaint. Thereafter, on October 20, the trial court entered an order pursuant to Supreme Court Rule 304 (155 Ill. 2d R. 304), finding no just reason for delaying either enforcement or appeal. Finney then filed her timely notice of appeal. The question presented in this appeal is one of law. Accordingly, our review is *de novo. Woods v. Cole*, 181 Ill. 2d 512, 516, 693 N.E.2d 333, 335 (1998).

The appropriate statute of limitations, in section 8—101 of the Tort Immunity Act, begins to run "from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8—101 (West 1998). Where the cause of action accrues on some date after the injury was received, for example, where a contribution action does not accrue until an underlying complaint is filed, the statute of limitations in section 8—101 does not begin to run until the cause of action accrues. See *Rummel v. Yazoo Manufacturing Co.*, 222 Ill. App. 3d 526, 531, 583 N.E.2d 19, 22 (1991). The right of contribution exists in inchoate form from the time of injury but does not "ripen, mature, vest, or accrue" until either payment is made, obligated, or incurred or an action is brought against the defendant. *Highland v. Bracken*, 202 Ill. App. 3d 625, 629, 560 N.E.2d 406, 409 (1990); *Guzman v. C.R. Epperson Construction, Inc.*, 309 Ill. App. 3d 655, 660, 722 N.E.2d 1223, 1227 (2000).

The City argues that the time limitation in section 8—101 began to run when the underlying complaint was filed on December 24, 1996, but that is incorrect. On December 24, 1996, Finney had no right or need to seek contribution. On December 24, 1996, we did not have joint and several liability in Illinois, but proportionate several liability under the revisions of section 2—1117 by Public Act 89—7. It was not until *Best* struck down proportionate several liability, on December 18, 1997, that joint and several liability applied to this case. Finney filed her complaint for contribution on April 6, 1998, well within one year of *Best*.

The City argues that when the Adukias first sued her, Finney should have filed a meritless contribution action that she knew would be dismissed, which would have made the trial court aware of the problem. We reject that argument. A plaintiff or a third-party plaintiff should never be required to file a complaint that it knows to be invalid.

The City argues that Finney should have anticipated that section 2—1117 would be struck down by the supreme court. Even assuming that is true, a party should not be penalized for his good-faith reliance on existing law. See *Melvin v. City of West Frankfort*, 93 Ill. App. 3d 425, 432, 417 N.E.2d 260, 264 (1981) (Tort Immunity Act applies where city officials, as part of their duties, in good faith relied on a statutory provision previously not held invalid); *Cato v. Attar*, 210 Ill. App. 3d 996, 999, 569 N.E.2d 1111, 1113-14 (1991) (holding plaintiff showed good cause for failure to attach affidavit or written report to complaint by her reliance on out-of-district appellate court opinion). An attorney is, of course, allowed to make a good-faith argument for the extension, modification, or reversal of existing law, but the argument that an attorney may not take a position that is in fact warranted by existing law is surprising. See 155 Ill. 2d R. 137. The City's argument, that litigants must anticipate statutes being held unconstitutional and file pleadings that would be effective in that eventuality, would clog our court files and interfere with judicial economy.

The City, citing *Best*, argues that Public Act 89—7 did not abolish joint and several liability, because section 4 of the Contribution Act remained in effect. Section 4 provides that a plaintiff's right to recover the full amount of his judgment from any one or more defendants "is not affected by the provisions of this [Contribution] Act." 740 ILCS 100/4 (West 1998); see *Best*, 179 Ill. 2d at 425, 689 N.E.2d at 1085. *Best* noted the conflict between section 4 of the Contribution Act and section 2—1117 of the Code (*Best*, 179 Ill. 2d at 424-25, 689 N.E.2d at 1085), but *Best* expressed no doubt that the intent of the legislature, when it amended section 2—1117 by Public Act 89—7, was to eliminate the doctrine of joint and several liability. *Best*, 179 Ill. 2d at 423, 689 N.E.2d at 1084. Prior to the decision in *Best*, it was not necessary or appropriate for Finney to file a contribution action against any other tortfeasors. There was nothing to contribute; Finney could only be held responsible for her own proportion of fault.

Finally, we address the argument that Finney had six days after the decision in *Best* to comply with the one-year statute of limitations found in section 8—101 of the Tort Immunity Act (745 ILCS 10/8—101 (West 1998)). Just as an amendment shortening a statute of limitations will not be applied retroactively so as to terminate a cause of

action unless the party has had a reasonable period of time after the amendment's effective date in which to file an action, a decision that changes the application of a statute of limitations should be applied to allow a reasonable time after the decision in which to file the action. See *Benton v. Vonnahmen*, 288 Ill. App. 3d 199, 203, 679 N.E.2d 1270, 1274 (1997); *Phillips v. Johnson*, 231 Ill. App. 3d 890, 894-95, 599 N.E.2d 4, 7-8 (1992); *cf. Moore v. Jackson Park Hospital*, 95 Ill. 2d 223, 236-37, 447 N.E.2d 408, 413-14 (1983). Six days was not a reasonable time. We conclude that Finney filed her contribution action within a reasonable time after the decision in *Best*. Nor has the City shown that it was prejudiced by the filing of a complaint on April 6, 1998, that admittedly would have been timely if it had been filed on December 24, 1997.

Reversed and remanded.

MYERSCOUGH, J., concurs.

JUSTICE KNECHT, dissenting:

I respectfully dissent.

Finney's cause of action for contribution arose when she was sued by the original plaintiffs. Public Act 89—7 did not extinguish the right to bring a contribution action.

Finney should have filed a contribution action against the City within the applicable statute of limitations. Such an action would not have been meritless, and we do not know if it would have been dismissed. To the extent the law was in a state of flux, the contribution action would have both preserved her rights and prompted the trial court to carefully consider whether existing law was contradictory.

A perusal of the law would have put Finney on notice the contribution statute had not been changed by Public Act 89—7 and the right to contribution still existed in some form, although it conflicted with the apparent intent of the legislature in enacting the Act. The obstacle posed by the simultaneous adoption and retention of the two contradictory doctrines of several liability in the new section 2—117 of the Code and the right to recovery of damages from any one or more defendants (joint and several liability) retained in section 4 of the Contribution Act was one of the reasons given by the court in *Best* for finding section 2—117 of the Code to be unconstitutional. *Best,* 179 Ill. 2d at 424-25, 689 N.E.2d at 1085.

This contradiction, and the well-known fact Public Act 89—7 had been declared unconstitutional by circuit courts and that ruling was

being appealed to the supreme court, makes untenable Finney's argument that she *reasonably* relied on her right to several liability under the Act.

I would affirm the trial court.